AARON NETT[1] & others[2] *vs.* MITCHELL J. BELLUCCI
& another.[3]

Suffolk. May 7, 2002. - September 4, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Repose, Statute of. Medical Malpractice. Negligence,* Doctor, Statute of repose.
*Practice, Civil,* Complaint, Amendment.

This court concluded that the operative date for commencement of an action
for purposes of the Massachusetts statute of repose is the date of filing of a
motion for leave to amend a complaint to add a party rather than the later
filing of the amended complaint after that motion is allowed [635-647],
and that the policies underlying the statute of repose do not require that the
motion for leave to amend comply with the local rules of court, as long as
the motion itself is accepted for filing within the period provided by the
statute of repose [647].

CERTIFICATION of a question of law to the Supreme Judicial
Court by the United States Court of Appeals for the First Circuit.

*Kenneth M. Levine* for the plaintiffs.

*Michael J. Racette* for the defendants.

SOSMAN, J. The United States Court of Appeals for the First
Circuit has certified the following questions to this court, pursu-
ant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981):

"(1) Is the operative date for commencement of an ac-
tion for purposes of the Massachusetts statutes of repose
the date of filing of a motion and supporting memorandum
for leave to amend a complaint to add a party (assuming
timely service), or is the operative date the date the
amended complaint is filed after leave of court is granted,
when leave of court is required by the Rules of Civil
Procedure to file an amended complaint?

---

[1]By and through his mother and next best friend, Robin Nett.

[2]Robin and James T. Nett, individually.

[3]Peter D. Gross.

"(2) If the answer to Question No. 1 is that the operative date is the date of filing of the motion for leave to amend, do the policies underlying the statutes of repose require that such filings be in compliance with the local rules of court applicable to the filing of such motions, or do those policies permit the court in its discretion to excuse non-compliance with the local rules?"

*Nett* v. *Bellucci*, 269 F.3d 9 (1st Cir. 2001). We answer the certified questions as follows: (1) The operative date for commencement of an action for purposes of a statute of repose is the date of filing of a motion for leave to amend a complaint to add a party; and (2) the policies underlying the statute of repose do not require that the motion for leave to amend comply with the local rules, as long as the motion itself is accepted for filing within the period provided by the statute of repose.

1. *Facts.* We summarize the facts as set forth in the opinion accompanying the certification order, augmented by details provided in the record of the underlying proceedings. See *Nett* v. *Bellucci*, 269 F.3d 1, 2-5 (1st Cir. 2001). Aaron Nett was born at Milford-Whitinsville Hospital on April 2, 1992, weighing more than eleven pounds. The delivery was complicated because of Aaron's large size, and the infant suffered a nerve injury as a result of those complications. On March 26, 1992, one week prior to Aaron's birth, Dr. Peter Gross had performed and interpreted an ultrasound, estimating the fetal weight at only eight pounds. Dr. Mitchell Bellucci, the obstetrician attending Aaron's delivery, had relied on that ultrasound reading and had therefore not anticipated the complications that ensued during the delivery of a much larger baby.

On April 30, 1996, the plaintiffs filed a complaint against Dr. Bellucci in the United States District Court for the District of Massachusetts, alleging that he had been negligent in the prenatal care and delivery of Aaron. As part of his defense, Dr. Bellucci took the position that he had reasonably relied on the estimated fetal weight provided by the radiologist's ultrasound reading, and that his failure to anticipate delivery of a baby weighing eleven pounds was therefore not negligent.

On June 30, 1998, the plaintiffs served a subpoena duces tecum on the hospital seeking production of the ultrasound

films. The hospital told the plaintiffs that the films had been destroyed. At his August 4, 1998, deposition, Dr. Gross testified that his efforts to obtain the ultrasound films had also been unsuccessful, as the hospital had similarly informed him that the films were no longer available. The hospital, responding to a second subpoena duces tecum, finally recovered and produced the ultrasound films on February 4, 1999.

On March 10, 1999, after obtaining an expert's review of the films and an opinion concerning their proper reading, the plaintiffs filed a motion for leave to amend their complaint to add Dr. Gross as a defendant pursuant to Fed. R. Civ. P. 15 (a).[4] The motion and accompanying ten-page memorandum set forth the facts of the case and explained that the plaintiffs had been unable to assert a claim against Dr. Gross at any earlier point due to the hospital's claimed loss of the ultrasound films. Although the plaintiffs did not attach a proposed draft of their amended complaint, the memorandum accompanying the motion outlined the plaintiffs' contention that Dr. Gross had been negligent in his reading of the ultrasound, identified their expert and his opinion that "Dr. Gross fell below the standard of care in his evaluation of the ultrasound film," and stated that "Dr. Gross is a necessary party due to his negligence by and through his position as [the] radiologist involved in the care of Aaron Nett at the Milford-Whitinsville Hospital." The memorandum also provided the details of the complications that had ensued during Aaron's delivery and the nature of the resulting injuries. In order to explain the delay in adding Dr. Gross as a defendant, the memorandum also chronicled the difficulties encountered in obtaining the actual films.

When they filed their motion, the plaintiffs failed to comply with Massachusetts District Court Local Rule 15.1 (b), which

---

[4]Rule 15 (a) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 761 (1974), is essentially identical to the Federal Rule.

requires service of "the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed." Local rule 15.1 (b) further provides that "[a] motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule." Although no such certificate accompanied the plaintiffs' motion for leave to amend, the clerk of the court apparently accepted the filing on March 10, 1999.

After the plaintiffs themselves realized their error, they served Dr. Gross with the motion for leave to amend on March 19, 1999, and refiled their motion with the court on March 29, 1999, in compliance with local rule 15.1 (b). Over the opposition of Dr. Gross, the court granted the plaintiffs' motion for leave to amend on April 8, 1999, and the amended complaint was filed on April 26, 1999.

Dr. Gross filed a motion to dismiss the amended complaint, arguing that the plaintiffs' claims against him were barred by the statutes of repose.[5] See G. L. c. 231, § 60D; G. L. c. 260, § 4. Because he had performed and interpreted the ultrasound on March 26, 1992, Dr. Gross contended that any amended complaint adding him as a defendant would have had to be filed by March 26, 1999, the expiration of the seven-year repose

---

[5]Aaron's cause of action is governed by G. L. c. 231, § 60D, which provides in pertinent part that "any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be commenced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced, *but in no event shall any such action be commenced more than seven years after occurrence of the act or admission which is the alleged cause of the injury upon which such action is based* except where the action is based upon the leaving of a foreign object in the body" (emphasis added). Similarly, the parents' loss of consortium claim is governed by G. L. c. 260, § 4, which provides in pertinent part that "[a]ctions of contract or tort for malpractice, error or mistake against physicians . . . shall be commenced only within three years after the cause of action accrues, *but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based* except where the action is based upon the leaving of a foreign object in the body" (emphasis added).

period provided by the applicable statutes. See G. L. c. 231, § 60D; G. L. c. 260, § 4. The second motion for leave to amend the complaint, filed on March 29, 1999, and the actual amended complaint, filed on April 26, 1999, both fell beyond that expiration date. The plaintiffs opposed the motion to dismiss, arguing that the repose provisions allowed them until April 2, 1999, Aaron's seventh birthday, to file a complaint against Dr. Gross and that their motion to amend, filed in compliance with local rule 15.1 (b) on March 29, 1999, had "commenced" the action within the repose period.

The Federal District Court initially denied the motion to dismiss. The court determined that the repose period expired on March 26, 1999, rather than April 2, 1999, but excused the violation of local rule 15.1 (b) as harmless error, deemed the motion for leave to amend to have been properly filed on March 10, 1999, and tolled the time that had elapsed between the filing of the first motion for leave to amend and the filing of the amended complaint. On a motion for reconsideration, however, the court reversed itself, concluding that a statute of repose could not be tolled in light of *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 631 n.19 (1997), and cases cited. Because the plaintiffs had not filed their amended complaint prior to March 26, 1999, the claims against Dr. Gross were dismissed.

On appeal to the United States Court of Appeals for the First Circuit, the plaintiffs were unsuccessful in pressing their theory that the statutes of repose ran from the child's birth date. See *Nett* v. *Bellucci*, 269 F.3d 1, 6 (1st Cir. 2001). The March 26, 1999, seven-year anniversary of the ultrasound reading was held to be the applicable date for purposes of the statutes of repose, and both the March 29, 1999, motion for leave to amend, and the later April 26, 1999, filing of the complaint, fell outside that repose period. The question, then, was whether the March 10, 1999, filing of a motion for leave to amend qualified as the "commencement" of the action against Dr. Gross for purposes of the statutes of repose. Because the case was a diversity action, State law determined when the action was "commenced" for purposes of statutes of limitations or statutes of repose. *Id.* at 7, citing *Walker* v. *Armco Steel Corp.*, 446 U.S. 740, 751 (1980). Finding "no controlling precedent on the question of

what constitutes the commencement of an action for the purpose of the Massachusetts statutes of repose," the court certified the two questions now before us. *Nett* v. *Bellucci, supra* at 8.

2. *Commencement of an action.* The first certified question asks us to determine, for purposes of our statutes of repose, what step in the proceedings constitutes the commencement of an action against a party who is added by way of amendment to the complaint. Both the statute governing medical malpractice tort claims involving minors, G. L. c. 231, § 60D, and the statute governing medical malpractice tort claims generally, G. L. c. 260, § 4, provide that "in no event shall any such action be *commenced* more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based" (emphasis added). Like all statutes of repose, "[t]he effect [of these statutes] is to place an absolute time limit on the liability of those within [their] protection and to abolish a plaintiff's cause of action thereafter, even if the plaintiff's injury does not occur, or is not discovered, until after the statute's time limit has expired." *McGuinness* v. *Cotter*, 412 Mass. 617, 622 (1992), citing *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982). Unlike statutes of limitation, statutes of repose may not be "tolled" for any reason, as "tolling" would deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose. See *Protective Life Ins. Co.* v. *Sullivan, supra* at 631 n.19, citing *Sullivan* v. *Iantosca*, 409 Mass. 796, 798 (1991). The only way to satisfy the "absolute time limit" of a statute of repose is to "commence" the action prior to the expiration of that time limit. *McGuinness* v. *Cotter, supra.* See *Aldrich* v. *ADD Inc., ante* 213, 221 (2002).

The medical malpractice statutes of repose do not define when an action "commences." Ordinarily, we would look to our rules of civil procedure to determine the date on which an action is "commenced," and, under the straightforward provisions of those rules, we would find that amended pleadings adding or substituting a party, where the claims asserted against the new party arise out of the same conduct, transaction, or occurrence set forth in the original pleading, "relate[ ] back" to the date of the original pleading. See Mass. R. Civ. P. 15 (c), 365

Mass. 761 (1974). Thus, under the rules, an action against such a party added by amendment is "commenced" on the date that the original complaint was filed.

However, we have already determined that that literal application of the rules would be contrary to the purposes underlying a statute of repose, and have thus, for statute of repose purposes only, rejected the date of commencement that the rules normally prescribe for related claims and parties added by amendment. *Tindol* v. *Boston Hous. Auth.*, 396 Mass. 515, 519 (1986). In that case, we held that a plaintiff could not amend a complaint to add an architect and an engineer as defendants after the expiration of the repose period imposed by G. L. c. 260, § 2B — a statute of repose governing torts related to construction projects — even though the original complaint was timely filed. See *id.* We fashioned an exception to rule 15 (c), explaining that to allow amended pleadings for claims subject to a statute of repose to relate back to the original pleading "would have the effect of reactivating a cause of action that the Legislature obviously intended to eliminate." *Id.*, quoting *James Ferrera & Sons* v. *Samuels*, 21 Mass. App. Ct. 170, 173 (1985). Thus, where the literal application of one of our rules of civil procedure would yield a result contrary to the purposes underlying statutes of repose, we refused to recognize the date of commencement provided by the rules.

Because rule 15 (c) cannot operate in these circumstances to establish the date of commencement as the date of filing of the original complaint, the defendant contends that we should instead apply the literal wording of Mass. R. Civ. P. 3, as amended, 385 Mass. 1215 (1982), which provides in pertinent part that "[a] civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk." Under the defendant's reading of the rule, the plaintiffs did not "commence[]" their action until they filed their amended complaint on April 26, 1999, one month after the expiration of the repose period.

The defendant's argument applies rule 3 to a context it was not meant to govern. Because rule 15 (c) provides its own

definition of when an amended complaint "commence[s]" an action, the rule 3 definition of when an action "commence[s]" is not meant to refer to the date of "mailing" or "filing" an amended complaint. Rule 15 (c) was intended to govern actions brought by way of amendment, and rule 3, by its literal wording (with its references to the "entry fee") plainly does not. Thus, rather than apply the literal wording of rule 3 to a situation for which it was not intended or designed, we must determine which step in the process of amending a complaint most resembles the filing of an original complaint, and whether treating that step as the commencement of the action would be consistent with the purposes underlying the statutes of repose. For the following reasons, we conclude that it is the filing of the motion for leave to amend, not the later filing of the amended complaint after that motion is allowed, that best satisfies those criteria.

The original filing of a complaint that "commence[s]" an action under rule 3 is the first document that a plaintiff files in court, comprising the first official step in bringing an action against a defendant. No prior permission of the court is required, and no prior step involving the court need be taken. As such, the plaintiff has unilateral control over when the original complaint is filed, and the plaintiff is responsible for seeing to it that that step "commenc[ing]" the action occurs within all applicable statutes of limitation and statutes of repose.

What step in the process of amending a complaint most resembles that first step in the filing of an original action? Beyond the brief period during which a complaint may be amended as of right (see rule 15 [a]), a plaintiff amending a complaint may not do so unilaterally. Court permission is required. Therefore, the first step taken is to request permission from the court by filing a motion. While the plaintiff has unilateral control over when that motion is filed, the plaintiff has no way of controlling or even predicting the time at which any permission to amend will be granted, and thus no ability to control the date on which the amended complaint itself may be filed. It may take only a matter of days before the motion is allowed and the complaint can be filed, but it may be a matter of weeks, or even months, depending on a host of factors, all of which are outside the plaintiff's control. If the statute of repose

cannot be satisfied until the later filing of the amended complaint after the motion to amend has been allowed, the repose period will effectively be shortened by some unpredictable amount of time, as a plaintiff would have to file the motion to amend some considerable period in advance of the expiration of the repose period and simply hope that the court's ruling would be sufficiently prompt. It is only that first step, the filing of the motion, that the plaintiff can control. Thus, the filing of the motion is comparable to the original filing of the complaint, both in the sense that each is the first step that a plaintiff takes and the first document that a plaintiff files with the court concerning the action, and in the sense that both the filing of the original complaint and the filing of the motion to amend are steps that remain unilaterally in the plaintiff's control.

It is true that a plaintiff retains the ability to satisfy the statute of repose by filing a separate action against the new defendant, perhaps followed by a motion to consolidate that new action with the previously filed action. See Mass. R. Civ. P. 3; Mass. R. Civ. P. 42 (a), as amended, 423 Mass. 1402 (1996).[6] However, that approach would waste scarce judicial resources and impose pointless litigation costs. Where a defendant would appropriately be added to an action already filed, it creates needless confusion and duplication to force the plaintiff to bring the claim as a separate action, followed by a motion for consolidation, merely to avoid the bar of a statute of repose. Indeed, a plaintiff might well file a motion to amend, wait to see whether the motion would be allowed in time to get the amended complaint filed before the repose period ran out, and, if there were still no ruling from the court as the expiration date drew near, file the separate action and the accompanying motion to consolidate. We fail to see how such duplication of effort and procedural clutter would advance the purposes underlying any statute of repose. See *Mauney* v. *Morris*, 316 N.C. 67, 71, 72 (1986) (filing of motion to amend "is sufficient to start the action," noting

---

[6] A similar course of action is available in Federal court. See Fed. R. Civ. P. 3; Fed. R. Civ. P. 42 (a). In fact, with their motion to amend still pending, and operating under the mistaken assumption that the repose period ran from the date of Aaron's birth, the plaintiffs took that precise action on April 2, 1999. The court properly dismissed that complaint as time barred, and denied the motion to consolidate as moot.

that that interpretation "promote[s] judicial economy by avoiding the necessity for separate trials or for plaintiff to file first a separate complaint and then a motion to join the two actions"). Where a more efficient procedural mechanism is already available to bring an additional defendant into an existing action, we should recognize that preferred mechanism as the commencement of the action against the new defendant rather than force the parties and the court to utilize a more cumbersome workaround.

We conclude that treating the filing of the motion as the commencement of the action against the added defendant would satisfy the purposes underlying statutes of repose. The purpose of a statute of repose is to give particular types of defendants the benefit of a date certain on which their liability for past conduct will definitively come to an end. "There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not be called on to resist a claim 'when evidence has been lost, memories have faded, and witnesses have disappeared.' " *Klein* v. *Catalano*, 386 Mass. 701, 709 (1982), quoting *Rosenberg* v. *North Bergen*, 61 N.J. 190, 201 (1972). The Legislature has decided that the uncertainties inherent in statutes of limitation, which run from the unpredictable and theoretically never-ending date on which a cause of action can "accrue,"[7] are contrary to the needs of certain professions, including the medical profession. See *Harlfinger* v. *Martin*, 435 Mass. 38, 41-42, 44 (2001). To serve this purpose, there must be a clear, bright-line method for determining the statute's operation, as only certainty in the measurements provides the certainty that such defendants are to be accorded. The filing of the motion to amend is a step that is as clearly recorded, and clearly documented by court records, as the filing of the amended complaint itself. There is no vagary or flexibility in the measurement that would defeat the purposes of the statute.

Nor would there be any difference in terms of notice to the defendant. Statutes of repose require only that an action be

---

[7]See *Ross* v. *Garabedian*, 433 Mass. 360, 362-363 (2001) (under discovery rule, claims arising out of childhood sexual abuse still viable thirty years later, notwithstanding three-year statute of limitations).

"commenced," and rely on other provisions in the rules to provide a defendant with timely notice of the action. Rule 3 states that an action is "commenced" by mere filing, without setting its own requirement of service or other notification to the defendant, but Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988), provides the deadline for service (ninety days after filing of complaint), while providing extensions of that deadline only on a showing of "good cause why such service was not made within that period."[8] Thus, as of ninety days after the end of the repose period, a defendant can proceed "secure in his reasonable expectation that the slate has been wiped clean" and that the earlier conduct can no longer give rise to any liability. *Klein* v. *Catalano*, *supra* at 709.

Treating the filing of the motion to amend as the "commencement" of the action will give a defendant at least equally prompt notice, and will therefore not result in upsetting any "reasonable expectation" that liability has terminated. *Id*. Here, the defendant was served with the motion to amend, and was informed that it had been filed with the court, prior to the expiration of the statute of repose. Local rule 15.1 (b) requires that the motion to amend be served on the proposed defendant *prior* to the filing of the motion, a rule that guarantees service on the defendant prior to the expiration of the statute of repose, without even the slight flexibility for service provided by rule 4 (j). See note 8, *supra*. In other words, whereas timely commencement of an action by the filing of the complaint does not necessarily translate into notification to the defendant until sometime *after* the expiration of the repose period, the requirement of prior service under the local rule ensures notification prior to the expiration of the repose period. With that notice and filing, such a defendant is made aware, within the repose period, of the fact that the plaintiff is bringing suit for the alleged prior conduct. As of the time of that notice and filing of the motion, a defendant has not yet become entitled to any "reasonable expectation that the slate has been wiped clean." *Klein* v. *Catalano*, *supra* at 709.

---

[8]This standard is a stringent one, requiring a showing that counsel made diligent efforts within the allotted time period for effecting service. See *Commissioner of Revenue* v. *Carrigan*, 45 Mass. App. Ct. 309, 311-312 (1998), and cases cited.

Here, despite the plaintiffs' initial failure to comply with local rule 15.1 (b), this defendant was served with the motion to amend and notified of the fact that the motion had been filed, all prior to the expiration of the seven-year repose period. Thus, within the time provided by the statute of repose (and well within the time for notice of the filing of a complaint that would be allowed by the ordinary ninety-day service period), this defendant had actual knowledge that the plaintiffs had taken the first step in court to pursue a malpractice claim against him for his alleged misreading of the prenatal ultrasound. Thus, concerns about notice to the defendant do not require us to treat the later filing of the amended complaint as the "commencement" of the action for purposes of the statute of repose, as both the filing of the motion and notice to the defendant occurred prior to the expiration of the repose period.[9]

We find considerable supporting authority in other jurisdictions, which (in the absence of any "relation back" provisions) take the position that the filing of the motion to amend, not the court's later ruling on that motion or the even later filing of the complaint following allowance of that motion, is the date on which the new action is commenced.[10] See *Mayes* v. *AT & T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989); *Massachusetts Pub. Interest Research Group* v. *ICI Ams. Inc.*, 777

[9]Both the facts of this case and the phrasing of the certified question ask us to address this issue "assuming timely service" on the defendant. Timeliness of service is not itself a requirement imposed by the statutes of repose, which require only that the action be "commenced." G. L. c. 231, § 60D. G. L. c. 260, § 4. Other provisions in the rules ensure that, once "commenced," a defendant receives prompt notification of the action. See Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988). Because of the provisions of local rule 15.1 (b), and because of the actual notice provided to this defendant before the statute ran, we need not address whether, in the absence of such a rule or such actual notice, treating the filing of a motion to amend as the "commencement" of the action would be contrary to the purposes of a statute of repose.

[10]We recognize that this authority from other jurisdictions consists of cases involving statutes of limitation, whereas the question before us involves statutes of repose. However, once a cause of action governed by a statute of limitations has accrued, and in the absence of any form of tolling or relation back, compliance with a statute of limitations requires the exact same procedural step as compliance with a statute of repose, i.e., the action must be "commenced" by the requisite deadline set by the applicable statute. Analysis of what step "commences" an action that is brought by way of an amended

F. Supp. 1032, 1036 (D. Mass. 1991); *Wallace* v. *Sherwin Williams Co.*, 720 F. Supp. 158, 159 (D. Kan. 1988); *Longo* v. *Pennsylvania Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985), aff'd, 856 F.2d 183, 184 (3d Cir. 1988); *Cannon* v. *Metcalfe*, 458 F. Supp. 843, 846-847 (E.D. Tenn. 1977); *Derdiarian* v. *Futterman Corp.*, 36 F.R.D. 192, 194 (S.D.N.Y. 1964); *Gloster* v. *Pennsylvania R.R.*, 214 F. Supp. 207, 208 (W.D. Pa. 1963); *Robinson* v. *Waterman S.S. Co.*, 7 F.R.D. 51, 53-54 (D.N.J. 1947); *Toy* v. *Katz*, 192 Ariz. 73, 89 (Ct. App. 1998); *Totura & Co.* v. *Williams*, 754 So. 2d 671, 679-680 (Fla. 2000); *Mauney* v. *Morris*, 316 N.C. 67, 71-72 (1986); *Frazier* v. *East Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 929-930 (Tenn. 2001); *Children's Store* v. *Cody Enters., Inc.*, 154 Vt. 634, 640-641 (1990).[11]

These cases note the injustice that would flow from refusing to recognize the motion itself as the commencement of the new action. "[The] plaintiff's amended complaint was effectively filed when his motion for leave to file an amended complaint was filed . . . . To hold otherwise would punish [the] plaintiff and other similarly situated plaintiffs for the court's unavoidable delay in issuing an order granting leave to amend a complaint." *Wallace* v. *Sherwin Williams Co., supra* at 159. If a plaintiff could not "commence" an action by way of amended complaint without first awaiting the court's ruling on the motion to amend, "[t]he matter is out of the hands of the plaintiff and is controlled

complaint is not affected by whether the deadline for "commencing" the action has been set by a statute of repose or a statute of limitations.

[11]The defendant points to *Donner* v. *Sulcus Computer Corp.*, 103 F.R.D. 548, 549-550 (N.D. Ga. 1984), in support of the proposition that an action against a newly added defendant is not commenced until the amended complaint itself is filed with the court. That case, however, did not involve a motion to amend. Rather, the plaintiff attempted to amend the complaint as a matter of right before a responsive pleading had been served, only to discover that the original defendant had served a responsive pleading by mail on the same day that the plaintiff served the amended complaint. *Id.* In opining that the amended complaint was not "effective" until it was filed with the court two days later, the court was doing so for purposes of determining whether the defendant's simultaneous service of a responsive pleading had cut off the plaintiff's ability to amend the complaint as of right. See *id.* Cf. *Palmquist* v. *Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 622 (D.S.D. 2000) (amended complaint served simultaneously with defendant's responsive pleading was still amendment as of right). The procedural issue in *Donner* v. *Sulcus Computer Corp., supra*, bears no relation to the issue we decide today.

by the vagaries of the court's workload." *Children's Store* v. *Cody Enters., Inc., supra* at 641. See *Gloster* v. *Pennsylvania R.R., supra* at 208 (requiring commencement of action to await ruling on motion to amend would "lend impracticality and injustice to federal judicial processes," as court must take time to research and consider motion to amend "while applying time and energy to the many other matters in a busy court").

Some courts considering this issue have reached the same result, but have referred to the filing of the motion to amend as a "tolling" of the operative statute of limitations.[12] A statute of repose cannot be "tolled." *Protective Life Ins. Co.* v. *Sullivan,* 425 Mass. 615, 631 n.19 (1997), citing *Sullivan* v. *Iantosca,* 409 Mass. 796, 798 (1991). Better reasoned decisions recognize that it is incorrect to characterize a motion to amend as an event that "tolls" a statute. See *Totura & Co.* v. *Williams, supra* at 680 (noting cases that "loosely utilized" language referring to "tolling" of statute, but holding that "under proper analysis, the motion to amend was sufficient to stand in place of an amended complaint and the action was, therefore, deemed commenced"); *Frazier* v. *East Tenn. Baptist Hosp., Inc., supra* at 929-930 (noting that some jurisdictions "speak of 'tolling' the statute of limitations while others simply state that the motion to amend stands in the place of the amended complaint," but opting for latter formulation in holding that "filing a motion to amend and a proposed amended complaint commences a new action").[13] We adopt the more accurate formulation that the filing of the motion to amend actually commences the new action for these

---

[12]See, e.g., *Moore* v. *State,* 999 F.2d 1125, 1131 (7th Cir. 1993) (because "party has no control over when a court renders its decision" on motion to amend, filing of motion with proposed amended complaint "tolls the statute of limitation, even though technically the amended complaint will not be filed until the court rules on the motion"); *Eaton Corp.* v. *Appliance Valves Co.,* 634 F. Supp. 974, 982-983 (N.D. Ind. 1984), aff'd, 790 F.2d 874 (Fed. Cir. 1986) (statute of limitations "tolled" by filing motion to amend and proposed complaint, because plaintiff "has taken those steps within his power to toll the statute and must await the appropriate court order"); *Moore* v. *Grossman,* 824 P.2d 7, 9 (Colo. Ct. App. 1991) (where motion to amend and proposed amended complaint filed and served prior to expiration of statute of limitations, "statute is tolled until the trial court rules on the motion").

[13]As a good example of a court's misuse of the term "tolling" in this context, see *Charlton* v. *M.P. Indus., Inc.,* 173 W. Va. 253, 256 (1984), which refers to the motion to amend as "sufficient to toll a statute of limitations,"

purposes, with the motion to amend "stand[ing] in the place of" the amended complaint.[14] See *Mayes* v. *AT & T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) ("amended complaint is deemed filed" by filing motion to amend); *Rademaker* v. *E.D. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir. 1927) (motion to amend "stands in the place of an actual amendment"); *Massachusetts Pub. Interest Research Group* v. *ICI Ams. Inc.*, 777 F. Supp. 1032, 1036 (D. Mass. 1991) (court "deems the Amended Complaint to have been filed" on date motion to amend was filed); *Wallace* v. *Sherwin Williams Co.*, 720 F. Supp. 158, 159 (D. Kan. 1988) (amended complaint "effectively filed" by filing motion to amend); *Longo* v. *Pennsylvania Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985) (filing of motion to amend was "sufficient to meet the requirement of Fed. R. Civ. P. 3 that 'a civil action is commenced by the filing of a complaint with the court' "); *Derdiarian* v. *Futterman Corp.*, 36 F.R.D. 192, 194 (S.D.N.Y. 1964) (filing of motion to amend "was commencement of the action" against new defendant); *Toy* v. *Katz*, 192 Ariz. 73, 89 (Ct. App. 1997) (filing motion to amend "constituted commencement of the action"); *Totura & Co.* v. *Williams, supra* (action "deemed commenced" by filing motion to amend because motion "was sufficient to stand in place of an amended complaint"); *Mauney* v. *Morris*, 316 N.C. 67, 71 (1986) (filing of motion to amend "is sufficient to start the action"); *Frazier* v. *East Tenn. Baptist Hosp. Inc., supra* at 930 (motion "stands in the place of the actual amended complaint"); *Children's Store* v. *Cody Enters., Inc.*, 154 Vt. 634, 641 (1990) (action "commenced" by filing motion to amend).

The defendant acknowledges this extensive precedent treating the filing of the motion to amend, not the later filing of the allowed amended complaint, as the operative date, but contends

but which simultaneously refers to the commencement of an original action as only "tolling the statute of limitations."

[14]While the filing of the motion "commences" the action for purposes of satisfying a statute of repose, that filing does not trigger the new defendant's obligation to serve a responsive pleading. See Mass. R. Civ. P. 12 (a), 365 Mass. 754 (1974); Fed. R. Civ. P. 12 (a). That obligation does not arise until the new defendant is served with the amended complaint, which will not occur unless and until the motion to amend is allowed.

that that precedent is premised on the plaintiffs' having attached a copy of the proposed complaint to the motion itself. Thus, the defendant argues, if the proposed amended complaint is annexed or otherwise accompanies the motion to amend, a document captioned as a "complaint" is physically filed on the date the motion is filed, thus satisfying the rule 3 definition of commencement of an action. Here, the plaintiffs' motion to amend was not accompanied by any draft amended complaint. Thus, the defendant argues, these plaintiffs' motion to amend is distinguishable from the motions to amend in cases treating the motion filing as the commencement of the action.

In many, but not all, of the cases cited above, the motion to amend was accompanied by a draft of a proposed amended complaint, as that is the customary practice in filing such motions.[15] However, the filing of a draft amended complaint with the motion should not be determinative whether the motion filing satisfies a statute of repose. A motion to amend must adequately describe the contemplated amendment in order for a court to determine the merits of the motion. That requirement may be and commonly is met by submitting a copy of the proposed amended complaint along with the motion, but nothing precludes a plaintiff from describing the proposed amendment in the body of the motion, or in the memorandum submitted in support of the motion. Indeed, the motion to amend, which must articulate the relation between the new claim and the claims already made in the original complaint, and explain why that new claim was not raised in that original complaint, will likely contain more detail about the proposed claim than a draft version of the proposed amended complaint, which need only satisfy the minimal requirements of notice pleading. The motion to amend at issue here was allowed based on the description of the proposed action set forth in the text of the motion,

---

[15]In some courts, it is required by rule or is imposed as a requirement by the judge handling the motion. See 6 C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure § 1485, at 602-603 (2d ed. 1990). It is therefore unremarkable that most cases considering this issue contain as part of the procedural scenario a motion to amend that is accompanied by a draft of the proposed amended complaint.

without requiring the plaintiffs to submit any draft complaint.[16] It would elevate form over substance to hold that a motion and memorandum describing a proposed claim would not "commence[]" an action against a new defendant but that the attachment of an exhibit bearing a caption and the word "complaint" would "commence[]" the action.[17] Whether or not the proposed complaint is attached to the motion, filing the motion is still the first step required of a plaintiff, and service of the motion upon the new defendant alerts that defendant to the fact that the plaintiff has taken that first step in bringing whatever action is described in the motion.[18] It is that fact — not the caption or title placed on any exhibit to the motion to amend — that serves the purposes of the statute of repose.

We emphasize that our interpretation in no way derogates from our strict approach to statutes of repose. Notwithstanding compelling equitable considerations, statutes of repose are not tolled. *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 631

---

[16]As one might expect, the text of the motion actually contained more details of the plaintiffs' claim than would be found in the ordinary complaint (e.g., the identity of the plaintiffs' expert, the details of the baby's delivery, and the precise nature of his injuries).

[17]Indeed, the seminal case on this issue, *Rademaker* v. *E.D. Flynn Export Co.*, 17 F.2d 15, 16 (5th Cir. 1927), involved a plaintiff whose "application" for amendment only described the relationship between the new defendant and the original claims, without submitting any revised version of the complaint. Other cases since have treated the motion filing as the commencement of the action, even though the motion provided only a description of the new action, and not an articulation in the form of a complaint. See *Totura & Co.* v. *Williams*, 754 So. 2d 671, 680 (Fla. 2000) ("motion to amend sufficiently identified the new party, [an insurance company], and set forth that relief would be demanded for uninsured motorist benefits"; action was therefore "deemed commenced" against insurer). See also *Longo* v. *Pennsylvania Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985), aff'd, 856 F.2d 183, 184 (3d Cir. 1988) (filing of motion to amend commenced action; opinion does not specify whether motion attached a proposed complaint).

[18]The defendant's argument that the amended complaint in this case went beyond the simple negligence claim announced in the motion to amend raises an issue beyond the scope of the certified questions. We have not been asked to decide whether a motion to strike or dismiss any of the additional counts contained in the amended complaint should be granted. The sole question before us is whether the filing of the motion to amend is sufficient to satisfy the statutes of repose, and the answer to that question does not require us to resolve any alleged discrepancies between the proposed amended complaint described in the motion to amend and the actual complaint later filed.

n.19 (1997), citing *Sullivan* v. *Iantosca*, 409 Mass. 796, 798 (1991). Nor are they subject to the "relation back" provisions for amended complaints. *Tindol* v. *Boston Hous. Auth.*, 396 Mass. 515, 519 (1986). All we do today is define a certain, definitive act that will, for purposes of a statute of repose, "commence[]" an action sought to be brought by way of an amended complaint. We recognize that statutes of repose are harsh, but we will not adopt a needlessly artificial definition of "commencement" of actions brought by way of amended complaints that would make a harsh rule even harsher.

3. *Noncompliance with local rules.* Having concluded that the filing of a motion to amend commences an action for purposes of a statute of repose, the next certified question asks whether the policies underlying the statutes of repose demand strict enforcement of local rules of court applicable to filing a motion for leave to amend, or whether those policies permit the court in its discretion to excuse noncompliance.

As discussed above, a statute of repose is satisfied as long as a motion for leave to amend a complaint, either describing the action being brought or attaching a proposed amended complaint, has been filed within the period provided by the statute of repose. In this case, the clerk apparently accepted the plaintiffs' motion for filing on March 10, 1999, notwithstanding the lack of a certificate of service in accordance with local rule 15.1 (b). While the failure to comply with that local rule would presumably constitute grounds for the clerk to reject the filing, or for the judge to strike the motion, the decision to excuse the noncompliance with local rules applicable to the filing of motions to amend does not implicate the policies underlying the statutes of repose. By way of analogy, if the filing of an original complaint failed in some manner to comport with a local rule but, notwithstanding that failure, was filed with the clerk on a particular day, the action would be "commenced" on that day under rule 3. A party who fails to comply with a local rule concerning the filing of a complaint or a motion always runs the risk that that filing may be rejected by the clerk, or struck at some later date, or that the violation may result in some other adverse consequence, but if the filing is accepted and not struck, the filing date remains as the operative date for purposes of compliance with a statute of repose.

4. *Conclusion.* As to the first certified question, we respond that the operative date for commencement of an action for purposes of our statutes of repose is the date of filing of a motion for leave to amend a complaint to add a party. As to the second certified question, we respond that the policies underlying our statutes of repose permit the court in its discretion to excuse noncompliance with the local rules.

The Reporter of Decisions is to furnish attested copies of this opinion to the clerk of this court. The clerk in turn will transmit one copy, under the seal of this court, to the clerk of the United States Court of Appeals for the First Circuit, as the answers to the questions certified, and will also transmit a copy to each party.