# United States Court of Appeals
## For the First Circuit

No. 00-1357

AARON NETT, by and through his mother
and next best friend, ROBIN NETT,
and ROBIN NETT and JAMES NETT, Individually,
Plaintiffs, Appellants,

v.

MITCHELL J. BELLUCCI, M.D.;
PETER D. GROSS, M.D.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Circuit Judge,
Bownes,* Senior Circuit Judge,
and Lipez, Circuit Judge.

Kenneth M. Levine, with whom Annenberg & Levine was on brief, for appellants.
Michael J. Racette, with whom Bruce R. Henry, and Morrison, Mahoney & Miller, LLP. were on brief, for appellee.

September 30, 2002

---

* Judge Bownes heard oral argument in this matter, and participated in the semble, but he did not participate in the drafting or the issuance of the panel's earlier opinion in this case. The remaining two panelists therefore issued that opinion pursuant to 28 U.S.C. §46(d). This per curiam opinion is issued on the same basis.

**PER CURIAM.** This appeal arose from a medical malpractice lawsuit alleging negligent prenatal care and injuries sustained by Aaron Nett during his delivery on April 2, 1992. The Netts filed suit against the obstetrician, Mitchell Bellucci, M.D., on April 30, 1996. When the Netts discovered that the problems during delivery may have stemmed in part from an allegedly erroneous reading of an ultrasound by radiologist Peter Gross, M.D. on March 26, 1992, they filed a motion for leave to amend their complaint to include him as a defendant on March 10, 1999. In filing their motion to amend, the Netts failed to comply with Massachusetts District Court Local Rule 15.1(b), which requires the service of "the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion." Local Rule 15.1(b). Despite this failure, the clerk of court accepted their initial filing on March 10, 1999. However, after discovering their omission, the Netts, of their own accord, served Dr. Gross with the motion for leave to amend their complaint, as well as a motion to extend time, on March 19, 1999. In compliance with the local rule, these motions were then refiled with the court on March 29, 1999. The Netts filed their amended complaint on April 26, 1999.

On March 26, 1999, after the initial filing of the motion to amend but before the second filing of the motion to amend and the filing of the amended complaint, the time during which the Netts could commence an action against Dr. Gross under Massachusetts' seven-year statutes of repose expired. The district court dismissed their claim against Dr. Gross on that basis.

-2-

In considering the appeal filed by the Netts from the decision by the district court, we concluded that it was unclear under Massachusetts law whether the filing of a motion for leave to amend constitutes the commencement of the action for the purpose of the statute of repose, or, as the district court held, the amended complaint itself must be filed within the statutory period. See Nett v. Bellucci, 269 F.3d 1 (1st Cir. 2001). Therefore, we certified two questions to the Supreme Judicial Court of Massachusetts: (1) Is the operative date for commencement of an action for purposes of the Massachusetts statutes of repose the date of filing of a motion and supporting memorandum for leave to amend a complaint to add a party (assuming timely service), or is the operative date the date the amended complaint is filed after leave of court is granted, when leave of court is required by the Rules of Civil Procedure to file an amended complaint? (2) If the answer to Question No. 1 is that the operative date is the date of filing of the motion for leave to amend, do the policies underlying the statutes of repose require that such filings be in compliance with the local rules of court applicable to the filing of such motions, or do those policies permit the court in its discretion to excuse non-compliance with the local rules?

In an opinion filed on September 4, 2002, the Massachusetts Supreme Judicial Court answered the certified questions as follows:

(1) The operative date for commencement of an action for purposes of a statute of repose is the date of filing of a motion for leave to amend a complaint to add a party; and (2) the policies underlying the statute of repose do

not require that the motion for leave to amend comply with the local rules, as long as the motion itself is accepted for filing within the period provided by the statute of repose. <u>Nett</u> v. <u>Bellucci</u>, 437 Mass. 630, 630-31 (2002).

In accordance with these answers, we vacate the decision of the district court and remand for further proceedings consistent with the decision of the Supreme Judicial Court.

**So ordered.**