Rescript Opinions.

LORI ANN BLANEY, administratrix,[1] & another[2] vs. LOWELL GENERAL HOSPITAL & others.[3] No. 09-P-1167. April 20, 2010. *Repose, Statute of. Medical Malpractice. Negligence,* Statute of repose. *Practice, Civil,* Claim barred by statute of repose. Amendment of complaint.

This case presents the question whether the *service,* pursuant to Superior Court Rule 9A, of a motion to amend a complaint to add additional parties, "commences" the action against those parties for purposes of the statute of repose. G. L. c. 260, § 4.[4]

On January 5, 2001, the plaintiffs commenced this medical malpractice action against Lowell General Hospital (hospital), arising out of an incident that occurred on January 9, 1998. On that day, the plaintiffs' decedent, who had been involuntarily admitted to the hospital, was, allegedly, allowed to escape and was subsequently struck by a motor vehicle on a public way. A medical malpractice tribunal found insufficient evidence as to the hospital, and the plaintiffs filed a bond. On November 3, 2004, two months before the expiration of the seven-year repose period, the plaintiffs served on counsel for the hospital a motion to amend the complaint seeking to add Linda Cowan, Susan LaVallee, Denise Cotter, Joan DeSousa, and Ellen Miller (all nurses at the hospital) as defendants. After discussion with plaintiffs' counsel regarding further discovery matters, counsel for the hospital told plaintiffs' counsel in a letter dated November 15, 2004, "you need not file your Motion to Amend . . . until such time as we have discussed this matter further. . . . I will not be filing an opposition until we have spoken about this matter." In a letter dated December 10, 2004, counsel for the plaintiffs references a "Superior Court Rule 9C Conference conducted relative to plaintiff's [*sic*] proposed Motion to Amend the Complaint." No such motion was filed with the Superior Court until February 17, 2006 — thirteen months after the statute of repose had expired — when the plaintiffs filed a motion for leave to amend the complaint to add the defendant nurses.[5] The nurses filed oppositions asserting that the statute of repose prevented their addition to the case. The motion to amend was nonetheless allowed by a Superior Court judge on March 28, 2006. Almost three years later, on January 16, 2009, the nurses filed a motion for judgment on the pleadings, again raising the statute of repose issue. The motion was allowed by a different Superior Court judge, who also allowed the nurses' motion for entry of separate and final judgment. The plaintiffs appealed.

A Supreme Judicial Court decision, *Nett* v. *Bellucci,* 437 Mass. 630 (2002) (*Nett*), issued two years before the repose question in the matter here developed, is controlling. In that case the court answered two questions certified by the

---

[1]Of the estate of Alice A. LeBoeuf.

[2]George H. LeBoeuf, individually and as administrator of the estate of Alice A. LeBoeuf.

[3]Linda Cowan, Denise Cotter, Ellen Miller, Susan LaVallee, and Joan DeSousa.

[4]General Laws c. 260, § 4, amended by St. 1943, c. 409, § 4, provides in part: "Actions of contract or tort for malpractice . . . shall be commenced only within three years after the cause of action accrues, but in no event shall any action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of injury upon which such action is based."

[5]This is not a situation where the plaintiffs could have amended the complaint as of right. See Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974). See also *Kennedy* v. *Beth Israel Deaconess Med. Center, Inc.,* 73 Mass. App. Ct. 459, 465 n.9 (2009).

United States Court of Appeals for the First Circuit as follows: "(1) The operative date for commencement of an action for purposes of a statute of repose is the date of filing of a motion for leave to amend a complaint to add a party; and (2) the policies underlying the statute of repose do not require that the motion for leave to amend comply with the local rules, as long as the motion itself is accepted for filing within the period provided by the statute of repose." *Id.* at 631. The *Nett* court explained that "the plaintiff has unilateral control over when the original complaint is filed, and the plaintiff is responsible for seeing to it that that step 'commenc[ing]' the action occurs within all applicable statutes of limitation and statutes of repose." *Id.* at 637. Although the situation presented by *Nett* is the obverse of that presented here (the plaintiff in *Nett* filed the motion to amend directly with the United States District Court for the District of Massachusetts without complying with the local rule requiring that it be served on counsel ten days before filing; here the plaintiffs attempted to comply with Superior Court Rule 9A on the motion to amend, but did not file the motion with the court), the holding of *Nett* is dispositive; that is, in order to satisfy the statute of repose, the motion for leave to amend must be *filed* within the statute of repose period. We note that rule 9A provides time frames for the filing of the rule 9A package, consisting of the original motion and associated documents, and the original of the opposition and associated documents. The rule also contains time frames that authorize a moving party to file a motion within a specific time, if the opposing party does not furnish an opposition. In this case, those time frames left ample time for the plaintiffs to file the motion to amend before it became time-barred, and (as in *Nett*), the plaintiffs had unilateral control over the filing of the motion, even without deviating from the requirements of rule 9A.

The plaintiffs point to the defendants' purported dilatory and obstructive conduct, a claim disputed by the defendants. However, as the plaintiffs concede, there is no equitable estoppel or tolling of the statute of repose, except as specifically provided by statute. *Joslyn* v. *Chang*, 445 Mass. 344, 350 (2005). "[S]tatutes of repose are harsh." *Nett*, 437 Mass. at 647. "Notwithstanding compelling equitable considerations, statutes of repose are not tolled." *Id.* at 646.

*Separate and final judgment affirmed.*

*Corey C. Schade* for Lori Ann Blaney.
*Joan Eldridge* for Linda Cowan & others.