**Joan MAYES, Appellant,**

v.

**AT & T INFORMATION SYSTEMS, INC.; Communication Workers of America, Local 6507, Appellees.**

**No. 88–2134.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1989.

Decided Feb. 17, 1989.

Gene O'Daniel, Little Rock, Ark., for appellant.

Bruce R. Lindsey, Little Rock, Ark., for appellees.

Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Joan Mayes appeals the district court's summary judgment in favor of AT & T Information Systems, Inc. (AT & T) and Communication Workers of America, Local 6507 (CWA). She claims that she timely filed a motion to amend her complaint and therefore commenced her action before the statute of limitations expired. We agree.

Mayes filed suit against AT & T on July 22, 1987, alleging that AT & T had breached a collective bargaining agreement by using non-bargaining unit employees to perform bargaining unit work. AT & T moved to dismiss the complaint because

Mayes had failed to name her union, CWA, which was an indispensable party. On September 21, 1987, Mayes filed a motion for leave to amend her complaint to include CWA as a party. She attached a copy of the amended complaint to the motion. On October 20, 1987, the district court granted Mayes' motion to amend, whereupon Mayes filed her amended complaint.

CWA moved for summary judgment because Mayes' amended complaint was filed six days after the six-month statute of limitations provided by 29 U.S.C. § 160(b) had run. AT & T then filed a motion to dismiss, claiming that Mayes' action could not proceed without CWA. The district court agreed with the defendants and granted summary judgment to both.

"A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. Amended complaints may not be filed until the court has ordered leave to do so. A number of courts have addressed the situation where the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired. In such cases, the amended complaint is deemed filed within the limitations period. *See Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir.1927); *Longo v. Pennsylvania Elec. Co.*, 618 F.Supp. 87, 89 (W.D.Pa.1985), *aff'd*, 856 F.2d 183 (3d Cir. 1988); *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974, 982–83 (N.D.Ind. 1984), *aff'd on other grounds*, 790 F.2d 874 (Fed.Cir.1986); *Gloster v. Pennsylvania R.R.*, 214 F.Supp. 207, 208 (W.D.Pa.1963).

We agree with the foregoing decisions, and we therefore hold that Mayes' action against CWA was timely commenced.

The judgment is reversed, and the case is remanded for further proceedings.