**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 36523**

TERRA-WEST, INC., an Idaho corporation,  )
  )
      **Plaintiff-Respondent,**  )
  )
v.  )
  )
IDAHO MUTUAL TRUST, LLC, an Idaho  )
limited liability company,  )
  )
      **Defendant-Appellant,**  )
  )    **Boise, August 2010 Term**
and  )
  )    **2010 Opinion No. 136**
MIKE URWIN ENTERPRISES, INC., an  )
Idaho corporation; RED CLIFF  )    **Filed: December 23, 2010**
DEVELOPMENT, INC., an Idaho  )
corporation; ALLOWAY ELECTRIC CO.,  )    **Stephen W. Kenyon, Clerk**
INC., an Idaho corporation; ELECTRIC  )
WHOLESALE SUPPLY CO., INC., an Idaho  )
corporation; KRISTEN R. THOMPSON, an  )
individual; ALL PERSONS IN POSSESSION  )
OR CLAIMING ANY RIGHT TO  )
POSSESSION,  )
  )
      **Defendants.**  )
_____  )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County.  The Honorable Ronald J. Wilper, District Judge.

The order of the district court is <u>affirmed</u>.

Hawley Troxell Ennis & Hawley, LLP, Boise, for appellant. Ryan T. McFarland argued.

Trout Jones Gledhill Fuhrman Gourley, PA, Boise, for respondent. Daniel L. Glynn argued

_____

1

J. JONES, Justice.

Idaho Mutual Trust, LLC, appeals the order of the district court granting the motion of Terra-West, Inc., for leave to file an amended complaint. We affirm.

**I.**
**Background**

In 2006, Red Cliff Development, Inc., contracted with Terra-West, Inc., to provide excavation and irrigation related labor and materials for the development of a 40-acre subdivision in Caldwell. After Terra-West commenced work on the property, Red Cliff entered into an agreement with Mike Urwin Enterprises, Inc., wherein Urwin purchased the property and assumed all obligations under Red Cliff's contract with Terra-West. Terra-West began work in August of 2006 and performed under the contract until November 30, 2007, at which point work was stalled until Urwin could procure governmental approval for certain irrigation projects.

On December 6, 2007, Terra-West recorded a mechanic's lien against the property (the first lien) because it had not been fully compensated for its work to date under the agreement with Urwin. Idaho Mutual Trust, LLC, had previously obtained an interest in the subject property evidenced by a deed of trust dated February 6, 2007. Sometime after Terra-West filed the first lien, Urwin received governmental approval to complete the work on the subdivision, and Terra-West completed the work on May 25, 2008. Because Terra-West still had not been fully paid under the agreement, on May 30, 2008, it filed an action to foreclose on the first lien, naming Idaho Mutual as a party because of its interest in the property. Idaho Mutual responded by filing a motion to dismiss pursuant to Idaho Rule of Civil Procedure (I.R.C.P.) 12(b)(6), arguing that the lien claim was defective in that it contained an acknowledgement clause rather than an oath. On September 3, 2008, the district court ruled in favor of Idaho Mutual, concluding that the statement in the lien representing that the signer was "knowledgeable of the matters stated therein and verily believes the same to be true and just" was insufficient to satisfy the requirement in Idaho Code section 45-507(4) that the lien claimant verify by oath that he or she believed the lien to be just. Idaho Mutual, however, was not dismissed from the case and the suit continued on Terra-West's other causes of action.[1]

---

[1] Terra-West's complaint also included causes of action for breach of contract and unjust enrichment.

2

In the meantime, on August 12, 2008, Terra-West recorded a second mechanic's lien against the property (the second lien),[2] encompassing all the work Terra-West had performed up to the date of completion.[3] Less than six months later,[4] on January 16, 2009, Terra-West filed a motion with the district court for leave to file an amended complaint to foreclose the second lien. Terra-West attached a copy of the proposed amended complaint to the motion. Idaho Mutual filed a memorandum opposing the motion for leave to file the amended complaint, arguing that (1) the district court was jurisdictionally barred from enforcing the second lien because Terra-West did not commence proceedings to foreclose the lien within six months of the date the second lien was recorded as required by Idaho Code section 45-510 and (2) that the claims in the amended complaint could not relate back to the claims asserted in Terra-West's original complaint. The district court disagreed, holding that the second claim of lien "arises out of the transaction set forth in the original pleading [the first complaint to foreclose on the first lien] and therefore the amendment relates back to that date." While the district court discussed whether a motion for leave to amend a complaint is sufficient to commence proceedings in a mechanic's lien foreclosure action, the district court did not reach a conclusion on that issue. The district court granted Terra-West's motion to amend on April 22, 2009, and Terra-West filed the amended complaint the following day, which was more than eight months after the second lien was recorded. Idaho Mutual subsequently filed a motion in the district court for permission to file an interlocutory appeal of the district court's order granting Terra-West's motion to amend, which was denied by the district court. Idaho Mutual then sought and received permission from this Court to file an interlocutory appeal pursuant to Idaho Appellate Rule 12.

## II.
### Issues on Appeal

I.      Whether a motion for leave to amend a complaint "commences proceedings" to enforce a mechanic's lien pursuant to Idaho Code section 45-510.

II.     Whether either party is entitled to attorney fees on appeal.

---

[2] The lien was filed eighty days after Terra-West completed work on the property, which was within the ninety-day time limit established by Idaho Code section 45-507(2).

[3] Consequently, the second lien incorporated all the work originally claimed under the first lien, from commencement of the work in 2006 through November 30, 2007, as well as the additional work performed from the time of the filing of the first lien through the completion of the work on May 25, 2008.

[4] Specifically, the motion was filed five months and four days after the second lien was recorded.

### III.
### Discussion

**A.      Standard of Review**

The I.R.C.P. provide that leave of court to amend a pleading shall be freely given when justice so requires. Idaho R. Civ. P. 15(a). A district court's decision to grant or deny a motion to amend a pleading is reviewed by this Court under an abuse of discretion standard. *Indian Springs, LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 750, 215 P.3d 457, 470 (2009). To determine whether the district court abused its discretion in granting the motion to amend, we look at whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason. *Id.*

**B.      Timeliness**

Idaho Mutual's interlocutory appeal is predicated upon the notion that Terra-West's second lien is unenforceable because of Terra-West's failure to comply with the time requirements of Idaho Code section 45-510. Under the mechanic's lien statute, "[n]o lien . . . binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, *unless proceedings be commenced* in a proper court within that time to enforce such lien." I.C. § 45-510 (emphasis added). Idaho Mutual argues that because the second lien was recorded on August 12, 2008, and the amended complaint seeking to foreclose the lien was not filed until April 23, 2009, the lien no longer existed and the district court abused its discretion in allowing Terra-West to amend its complaint. Idaho Mutual argues that Terra-West was required to initiate a separate action by filing a new complaint to foreclose the second lien, and then move to consolidate the second lawsuit with the pending action, in order to commence proceedings within the statutory time period. Terra-West, on the other hand, argues the district court was correct in holding that the second claim of lien addressed in the amended complaint arose from the same transaction as the original complaint, and thus related back to the date of the original pleading, which was timely filed. Alternatively, Terra-West argues that filing the motion for leave to amend the complaint on January 16, 2009, commenced proceedings on the second lien, thus coming within the six-month limitation under Idaho Code section 45-510.

4

We affirm the order of the district court granting Terra-West's motion for leave to amend the complaint, although not for the reason articulated by the district court. It is well-settled that "[w]here an order of a lower court is correct, but based on an erroneous theory, the order will be affirmed upon the correct theory." *Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). The district court granted Terra-West's motion for leave to amend on the ground that the second claim of lien arose out of the same transaction or occurrence as the first claim of lien and, thus, the amendment related back to the date the original complaint was filed pursuant to I.R.C.P. 15(c). However, we affirm the district court on the ground that the filing of the motion to amend the complaint commenced proceedings pursuant to Idaho's mechanic's lien statute.

Idaho's mechanic's lien statute does not define when proceedings are commenced to enforce a lien, nor is there any case law in Idaho dealing with whether filing a motion to amend a complaint commences proceedings pursuant to the statute. However, Corpus Juris Secondum, summarizing relevant state and federal case law on the issue, states that

> "when a motion to amend a complaint and a proposed amended complaint are filed prior to the running of the statute of limitations, the motion to amend stands in place of the actual amended complaint while the motion is under review by the trial court, and the fact that an order granting the motion to amend is entered after expiration of the statute of limitations does not make the amended complaint untimely."

54 C.J.S. Limitations of Actions § 329. *See, also*, *Buller Trucking Co. v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 776-77 (S.D. Ill. 2006) ("the settled rule in both federal and state court is that a complaint is deemed filed as of the time it is submitted to a court together with a request for leave to file the amended pleading.").

Idaho Mutual argues that in determining when proceedings are commenced under Idaho Code section 45-510, this Court should apply the literal wording of I.R.C.P. 3(a), which provides in pertinent part that "[a] civil action is commenced by the filing of a complaint with the court . . . . No claim, controversy or dispute, may be submitted to any court in the state for determination or judgment without filing a complaint or petition as provided in these rules . . . ." Idaho R. Civ. P. 3(a). Under Idaho Mutual's reading of this rule, in conjunction with Idaho Code section 45-510, Terra-West did not commence proceedings to enforce the second lien until it filed its amended complaint on April 23, 2009, over two months after the expiration of the six-month period.

The problem with Idaho Mutual's argument is that it presupposes I.R.C.P. 3(a) governs the context of when an *amended complaint* commences proceedings. To the contrary, the plain language of Rule 3(a) demonstrates that the Rule is geared toward the filing of an original complaint. Of course, the typical lien foreclosure action is commenced upon the filing of a complaint, just as Terra-West did when it sought to foreclose its first lien. However, neither the language in Rule 3(a), nor the commencement language in Idaho Code section 45-510, contemplates the situation of an amended complaint. With the exception of the brief time allotted for amending a complaint as a matter of right under I.R.C.P. 15(a),[5] the first step in amending a complaint is to request permission from the court by filing a motion for leave to amend the complaint. Idaho R. Civ. P. 15(a). Under Rule 3(a), a plaintiff has unilateral control over the timing of the original complaint and bears the responsibility of commencing the proceeding within the applicable time limitation. However, in the context of an amended complaint, the plaintiff only has unilateral control over the timing of the filing of the motion for leave to amend, but does not have unilateral control over when the motion may be granted.

> The plaintiff has no way of controlling or even predicting the time at which any permission to amend will be granted, and thus no ability to control the date on which the amended complaint itself may be filed. It may take only a matter of days before the motion is allowed and the complaint can be filed, but it may be a matter of weeks, or even months, depending on a host of factors, all of which are outside the plaintiff's control.[6] If the [time limitations] cannot be satisfied until the later filing of the amended complaint after the motion to amend has been allowed, the [limitation] period will effectively be shortened by some unpredictable amount of time, as a plaintiff would have to file the motion to amend some considerable period in advance of the expiration of the [limitation] period and simply hope that the court's ruling would be sufficiently prompt. It is only that first step, the filing of the motion, that the plaintiff can control. Thus, the filing of the motion is comparable to the original filing of the complaint, both in the sense that each is the first step that a plaintiff takes and the first document that a plaintiff files with the court concerning the action, and in the sense that both the filing of the original complaint and the filing of the motion to amend are steps that remain unilaterally in the plaintiff's control.

---

[5] I.R.C.P. 15(a) provides "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. . . ." Idaho R. Civ. P. 15(a).

[6] The facts of this case illustrate this point perfectly. The district court, in its order granting Terra-West's motion, indicated that it had "received and reviewed the motion before the mechanics lien statutorily expired, although oral argument was not heard until after that date." This demonstrates that all parties were ready to proceed on Terra-West's motion before the six-month time period expired, and the only issue was getting the hearing set on the calendar, which of course, was beyond Terra-West's control.

*Nett v. Bellucci*, 774 N.E.2d 130, 136 (Mass. 2002). In sum, there is a substantial difference between the procedure for filing an original complaint under I.R.C.P. 3(a) and the procedure for filing an amended complaint pursuant to I.R.C.P. 15(a).

Idaho Mutual argues that the better rule is to require the plaintiff to initiate a separate foreclosure action and consolidate the cases in order to satisfy the timeliness requirements of Idaho Code section 45-510. Idaho Mutual notes that:

> Terra-West could have timely filed a separate action to foreclose the [s]econd [l]ien. It also could have moved to consolidate that separate action with this one. That approach would have avoided the expiration of the [s]econd [l]ien while Terra-West's motion to amend was pending. Instead, Terra-West chose to follow [a] needlessly risky path . . . .

The approach advocated by Idaho Mutual is contrary to the principles of judicial economy and practicality. Requiring a plaintiff to file a separate action, followed by a motion to consolidate, in order to meet the statutory time requirement, would create needless confusion and duplication in the perfection of a mechanic's lien. It is this Court's responsibility to interpret statutes, and in doing so, we must construe statutes so as to give effect to the legislative intent. *State v. Payne*, 146 Idaho 548, 575, 199 P.3d 123, 150 (2008). Because Idaho's mechanic's lien statute is constitutionally mandated (IDAHO CONST., art. XIII, § 6) and intended to be liberally construed in favor of lien claimants (*Pierson v. Sewell*, 97 Idaho 38, 41, 539 P.2d 590, 593 (1975)), it is doubtful that the additional procedural hurdles suggested by Idaho Mutual were intended by the Legislature.

While the Legislature has the power to enact substantive laws, the Supreme Court has the inherent "power to fashion the procedures necessary to perform [its] duties." *City of Boise v. Ada County*, 147 Idaho 794, 802, 215 P.3d 514, 522 (2009). In that case we observed:

> "[T]he Legislature has recognized the courts' inherent power in this regard by enactment of [Idaho Code] section 1-1622 [which] provides:
>
>> When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

7

*Id.* at 803, 215 P.3d at 523. In other words, because the Legislature is silent on this issue, it is this Court's responsibility to apply a meaning of "commence proceedings" that is consistent with the spirit and policy of Idaho's mechanic's lien statute. Under the approach urged by Idaho Mutual, a plaintiff would inevitably be forced to incur additional litigation costs associated with filing a separate action and scarce judicial resources would be wasted by adding an unnecessary case to the court's calendar.

Moreover, the approach suggested by Idaho Mutual has been rejected by federal courts applying analogous rules of federal procedure. This Court has previously recognized that federal case law provides persuasive authority when interpreting rules under the I.R.C.P. that are substantially similar to rules under the F.R.C.P. *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 515, 81 P.3d 416, 420 (2003); *see also Chacon v. Sperry Corp.*, 111 Idaho 270, 275, 723 P.2d 814, 819 (1986) (noting that whenever possible, the Court should "interpret[] our rules of civil procedure in conformance with the interpretation placed upon the same rules by the federal courts."). The text of F.R.C.P. 3, which states "[a] civil action is commenced by filing a complaint with the court," is nearly identical to the text of I.R.C.P. 3(a).

An analysis of federal cases dealing with the interplay between F.R.C.P. 3 and the effect of filing a motion for leave to amend a complaint supports the conclusion that a motion for leave to amend commences proceedings. For example, in *Mayes v. AT&T Info. Sys., Inc.,* the plaintiff filed a motion for leave to amend the complaint and attached a copy of the amended complaint to the motion. 867 F.2d 1172, 1173 (8th Cir. 1989). The motion was later granted, but the amended complaint was not filed until six days after the statute of limitations for the plaintiff's cause of action had expired. *Id*. The court recognized the requirement in F.R.C.P. 3 for commencing an action, but noted that the procedure for filing an amended complaint was different because filing an amended complaint requires leave of the court. *Id*. The court ultimately held that "the amended complaint [was] deemed filed within the limitations period." *Id. See also Moore v. State*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."); *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir. 1927) (holding that a motion to amend "stands in the

place of an actual amendment."); *Longo v. Pennsylvania Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985) ("The timely filing of [the] Motion to Amend and not the final court approval was sufficient to meet the requirement of FED. R. CIV. P. 3 that 'a civil action is commenced by the filing of a complaint with the court.'").[7]

An important part of the analysis in many of the cases discussed above involves whether the defendant had notice of the substance of the proposed amendment prior to expiration of the statutory time period either because the plaintiff had attached the amended complaint to the motion for leave to amend, or because the text of the motion itself detailed the substance of the proposed amendment. For example, in *Moore*, the court found it necessary that the motion for leave to amend be "properly accompanied by the proposed amended complaint," so as to provide "notice of the substance of those amendments." 999 F.2d at 1131. Similarly, in *Rademaker*, central to the court's analysis was that the defendant had been served with the motion prior to the expiration of the statute of limitations, and the motion "fully and comprehensively" laid out the substance of the proposed amendment. 17 F.2d at 17.

In this case, because Idaho Mutual was not dismissed from the case following the invalidation of the first lien, the motion for leave to file the amended complaint gave notice to Idaho Mutual within the six-month jurisdictional time limit that Terra-West was seeking to foreclose the second lien. Terra-West served Idaho Mutual with the motion pursuant to I.R.C.P. 5(a), which requires a party filing a motion for leave to amend to serve the written motion on each party to the case affected by the motion. Idaho R. Civ. P. 5(a). Furthermore, the proposed amended complaint was attached to the motion for leave to amend, which further demonstrates that Idaho Mutual had notice of the commencement of the foreclosure action within the six-month time limitation.

Idaho Mutual argues that many of the cases cited above are distinguishable because they involve statutes of limitations, whereas this case deals with a strict jurisdictional bar. More specifically, Idaho Mutual argues that Idaho Code section 45-510 is not a mere statute of limitations, but rather acts as a jurisdictional bar because the lien is void for all purposes if not brought within the time designated by the statute. However, this argument is without

---

[7] The view that proceedings may be commenced by filing a motion to amend has also been adopted by many state courts. *See*, *e.g.*, *Mauney v. Morris,* 340 S.E.2d 397, 400 (N.C. 1986) (finding that filing a motion to amend "is sufficient to start the action."); *Frazier v. East Tenn. Baptist Hosp., Inc.,* 55 S.W.3d 925, 930 (Tenn. 2001) (holding that a motion to amend "stands in the place of the actual amended complaint."). Idaho Mutual has not cited any case on point holding otherwise from Idaho or any other jurisdiction.

consequence because the lien claimant preserves the court's jurisdiction by commencing proceedings through the filing of the motion to amend the complaint. Therefore, the analysis of what step commences an action brought by way of an amended complaint is not affected by whether the deadline for commencing the action is set by a statute of limitations or some strict jurisdictional bar. Idaho Mutual may be correct in arguing that this case is distinguishable from those cases holding that filing a motion for leave to amend tolls the running of the statute of limitations because the jurisdictional bar in Idaho's mechanic's lien statute cannot be tolled. However, in coming to our holding today, we find that the filing of the motion to amend commences the action and stands in the place of the amended complaint, which is different than concluding that the statutory time period under Idaho Code section 45-510 is tolled.

Idaho Mutual also points to this Court's decision in *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989), in support of the proposition that Idaho has already decided that an action added by amended complaint is not commenced until the amended complaint itself is filed with the court. In that case, two defendants moved for leave of court to file a third-party complaint against an attorney for legal malpractice. *Id*. at 234, 775 P.2d at 126. The motion for leave was made within the two-year statute of limitations, but the district court did not rule on the motion until eight months later, after the limitations period had expired. *Id*. Citing I.R.C.P. 3(a), this Court held that the action was not commenced until the third-party complaint was actually filed with the court. *Id*.

However, our decision in *Griggs* is distinguishable from the case at bar because it concerned the timeliness of a third-party complaint, which is categorically different than a motion to amend to add a new claim against a party who is already part of the action. In the context of a third-party complaint, there may be good reason to prefer the more cumbersome method of requiring the filing of an independent action against the third party to commence the proceedings. Under I.R.C.P. 14(a), a motion for leave to file a third-party complaint, even if the proposed complaint is attached to the motion, does not give any notice to the third party that it may be subject to an impending action. Because the third party would not be served with the motion for leave to file a third-party complaint, the third party may discover, after the expiration of the applicable statute of limitations, that a previously filed motion to which the third party had no notice, commenced the proceedings. Such a rule is contrary to the purposes of any statute of limitations, which functions to prevent stale claims and to protect a defendant's reasonable

expectation that his earlier conduct can no longer give rise to liability. *See Hawley v. Green*, 117 Idaho 498, 501, 788 P.2d 1321, 1324 (1990). However, the same rationale does not apply in this case. As mentioned above, Idaho Mutual was served with the motion for leave to amend, as well as the proposed amended complaint. Idaho Mutual, unlike a party that has not yet been joined, had notice of the substance of the proposed amendment before the six-month period expired under Idaho Code section 45-510. Consequently, *Griggs* is distinguishable because this case does not present the same notice concern.

Finally, Idaho Mutual argues that permitting Terra-West to foreclose the second lien, which incorporates all the work originally claimed under the first lien, as well as the additional work completed after the filing of the first lien, is tantamount to permitting Terra-West to revive an invalid lien. However, Terra-West is not prohibited from foreclosing the second lien, even though it encompasses work originally claimed under the first invalid lien. In *White v. Constitution Mining & Mill Co.*, we held that a mechanic's lien, "if any exists at all, relates back to the date of the commencement of the work or improvement or the commencement to furnish the material."[8] 56 Idaho 403, 420, 55 P.2d 152, 160 (1936). In that case, several employees filed a mechanic's lien against the property of their employer, the mining company, for unpaid salaries pursuant to an employment contract. *Id*. at 407, 55 P.2d at 153−54. Prior to the employees actually filing the lien, a judgment creditor of the mining company levied an attachment on the mining company's property. *Id.* at 407, 55 P.2d at 153. The employees subsequently brought a suit to foreclose on the lien, and the court entered a judgment in their favor for the amounts claimed. *Id*. at 408, 55 P.2d at 154. However, the court also found that the portion of the judgment covering wages earned prior to the attachment by the judgment creditor was superior to that of the judgment creditor's claim, but the portion covering work performed after the attachment was inferior to the judgment creditor's claim. *Id*. We reversed the trial court's decision, finding that the employees' liens were not affected by the judgment creditor's attachment and the whole amount claimed by the employees was superior. *Id*. at 425, 55 P.2d at 162. Central to our analysis was the fact that all of the work claimed under the mechanic's lien was completed pursuant to one continuous employment contract, and therefore, the lien attached at the time the work began and encompassed all work subsequently done under the contract. *Id*.

---

[8] The phrase "relates back" as used in this case should not be confused with the phrase "relate back" as used when applying the relation-back doctrine pursuant to I.R.C.P 15(c).

Pursuant to this analysis, so long as a lien is filed within ninety days after the completion of the labor or services, the lien may encompass the entirety of the work performed under a single contract. The fact that a lien claimant previously attempted, but failed, to file a lien under the same contract does not prohibit that same party from filing and foreclosing a second lien. In other words, the lien attaches at the time that work is commenced under a contract, and if all work is completed pursuant to that same contract, a lien claimant may file a mechanic's lien encompassing all such work so long as the statutory guidelines are fulfilled. Thus, in this case, the existence of the first invalid lien is wholly irrelevant, other than to provide the forum upon which Terra-West could file a motion to amend the original complaint. All of the work that Terra-West claimed when filing both the first lien and the second lien was done pursuant to one contract. Consequently, Terra-West is not prohibited from filing and foreclosing the second lien even though it encompassed work claimed under the first invalid lien.

Therefore, we conclude that Terra-West's motion for leave to amend the complaint commenced proceedings within the statutory time period pursuant to Idaho Code section 45-510, and Terra-West is not barred from filing and foreclosing the second lien. We find this conclusion is supported by the majority of federal and state courts, and is consistent with this Court's stated policy that lien statutes are to be liberally construed "so as to effect their objects and promote justice." *Metro. Life Ins. Co. v. First Security Bank of Idaho*, 94 Idaho 489, 493, 491 P.2d 1261, 1265 (1971). Other than pointing to the most conservative interpretation of I.R.C.P. 3(a) and the strict jurisdictional limitations of Idaho's mechanic's lien statutes, Idaho Mutual has not articulated a compelling rationale for preferring the more cumbersome method of initiating a new proceeding and consolidating the cases. The more efficient procedural route of moving the court for leave to file the amended complaint gives effect to the objects of the mechanic's lien statute and avoids any unnecessary and inefficient procedural maneuvering. Thus, the district court did not abuse its discretion in granting Terra-West's motion for leave to amend the complaint.

### C.    Attorney Fees

Both parties argue that they are entitled to attorney fees under Idaho Code section 12-121. However, "where the appeal is interlocutory in nature and the action will be remanded for further proceedings, neither party is the prevailing party on appeal." *Doe v. Boy Scouts of Am.*, 148 Idaho 427, 431, 224 P.3d 494, 498 (2009). Because we do not yet know who will ultimately

prevail in this action, any determination of the prevailing party is premature. *City of McCall v. Buxton*, 146 Idaho 656, 667, 201 P.3d 629, 640 (2009). When the district court makes its prevailing party determination on remand, any award of attorney fees made then may include attorney fees for this appeal. *Lexington Heights Dev., LLC v. Crandlemire*, 140 Idaho 276, 287, 92 P.3d 526, 537 (2004).

## IV.
## Conclusion

Therefore, we conclude that the filing of the motion for leave to amend the complaint commenced proceedings within the statutory time period and we therefore affirm the order of the district court granting leave to file the amended complaint. Costs to Terra-West.


Justices BURDICK and HORTON CONCUR.


Chief Justice EISMANN, dissenting.

Idaho Code § 45-510 provides insofar as is relevant, "No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien . . . ." The issue is the meaning of the words "proceedings be commenced." The majority holds that filing a motion to amend a complaint constitutes commencing proceedings to foreclose a mechanic's lien. Because that holding conflicts with our opinion in *Griggs v. Nash,* 116 Idaho 228, 775 P.2d 120 (1989), and with the unambiguous wording of the statute, I respectfully dissent.

In *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989), two defendants in a lawsuit filed a motion for leave to file a third-party complaint on January 29, 1987. Under the facts in the record, the two-year statute of limitations would run on their third-party claim on September 9, 1987. *Id*. at 234, 775 P.2d at 126. The trial court signed an order granting the motion on September 8, 1987, but the defendants did not file their third-party complaint until September 23, 1987, after the statute of limitations had run. This Court held that the cause of action was barred by the statute of limitations, reasoning as follows:

> On January 29, 1987, EMSI and Van Gelder filed a motion pursuant to I.R.C.P. 14(a) for leave to file a third-party complaint against Trout. A copy of the third-party complaint was attached to the motion. On September 8, 1987, the

trial court signed an order granting EMSI and Van Gelder leave to file their third-party complaint. The order was filed on September 10, 1987. The third-party complaint was filed on September 23, 1987. Pursuant to I.R.C.P. 3(a), an action is commenced by the filing of a complaint. Therefore, the action contained in the third-party complaint *was not commenced until September 23, 1987*. This was at least 14 days after the two-year statute of limitations had run. Therefore, we affirm the trial court's ruling that the third-party complaint was barred by I.C. § 5-219(4).

*Id*. (emphasis added).

There is no material difference in the wording of the relevant statute in *Griggs* and the wording of the mechanic's lien statute in this case. In *Griggs*, the action had to be "*commenced* within the periods prescribed in this chapter after the cause of action shall have accrued." Idaho Code § 5-201 (emphasis added)  Under the mechanic's lien statute, the lien expires "unless proceedings be *commenced* in a proper court within [six (6) months after the claim has been filed] to enforce such lien." Idaho Code § 45-510 (emphasis added). *Griggs* cannot be logically distinguished on the ground that it was a motion to file a third-party complaint. In that case, a motion to amend a pleading was not the commencement of an action, and in this case the motion to amend a pleading likewise cannot be the commencement of foreclosure proceedings. The argument regarding no control over how long it would take the trial court to rule upon the motion to amend applies equally in both situations.

The majority seeks to distinguish *Griggs* and this case by arguing that the third party in *Griggs* had no notice of the pending litigation while in this case Idaho Mutual had notice that Terra-West at least intended to foreclose its first lien. Our prior cases do not support a distinction based upon that rationale.

In *Willes v. Palmer*, 78 Idaho 104, 298 P.2d 972 (1956), a contractor filed a claim of lien to secure the unpaid balance owing him for work done on the residence of a married couple. The wife "was present during most of the time the work was being done and directed that considerable of the additions be included." *Id*. at 107, 298 P.2d at 973. The contractor later timely filed an action to foreclose the lien, but named only the husband as a defendant. At the commencement of the trial, the contractor was permitted by the trial court to amend his complaint by adding the wife as a defendant. She obviously knew of the proceedings because she was personally present at the trial, joined in the answer filed by her husband, and elected to proceed with the trial rather than have a continuance to prepare. *Id*. She and her husband

14

appealed a judgment in favor of the contractor and argued that the lien could not be foreclosed because she was made a party after the statutory duration period of the lien had expired. This Court agreed, holding, "The action not having been brought against [the wife] within the six month period, the lien as to her interest in the property was wholly lost." *Id.* at 108, 298 P.2d at 974. In addition, we held "that the half interest of the husband could not be severed from that of the wife by foreclosure and sale to satisfy the mechanic's lien, and that . . . the right to foreclose as to the husband's interest must also be denied." *Id.* at 109, 298 P.2d at 975. This Court did not inquire as to when the wife learned of the foreclosure proceedings.

In *Boise Payette Lumber Co. v. Weaver*, 40 Idaho 516, 234 P. 150 (1925), the lumber company, the plumbing and heating contractor, and the builder were all unpaid after completion of a home. The contractor and builder filed mechanic's liens, but the lumber company instead took a promissory note secured by a mortgage on the home. The lumber company filed an action to foreclose its mortgage and made the lien claimants defendants. They filed answers and cross-claims upon their respective liens, but the contractor did not file a cross-complaint against the landowner to foreclose his mechanic's lien until more than six months after he had filed his claim of lien. Prior to the expiration of that six-month period, he and the landowner had filed a written stipulation that the time for foreclosing his lien could be extended for six months. This Court held that the contractor had lost his lien. We stated, "The time within which an action to enforce a lien can be commenced after the lien has been filed cannot be extended, as against another incumbrancer, by an agreement between the lienor and the owner to extend the time of payment." *Id.* at 521, 234 P. at 152. Even though the contractor had filed a cross-claim against the mortgagee regarding his lien, he lost his lien because he had not also timely filed a cross-claim against the landowner, who was a party to the litigation and would have known of the cross-claim against the mortgagee. Based upon the stipulation, the landowner also obviously knew that the contractor intended to foreclose his lien.

The majority also contends that because this is remedial legislation, we need not follow the statute as written. That is inconsistent with the above cases and is inconsistent with the nature of the mechanic's lien. The statute clearly states that the lien expires unless a pleading to foreclose the lien is filed within the statutory period.

In *Western Loan & Building Co. v. Gem State Lumber Co.*, 32 Idaho 497, 185 P. 554 (1919), the landowner granted a mortgage covering a city lot, and the mortgage was duly

recorded. About five months later, a supplier who had furnished construction materials used in constructing a building on the lot recorded a claim of lien, and the supplier later timely commenced an action against the landowner to foreclose the lien. The supplier did not name the mortgagee as a defendant in that action. After the time for foreclosing the lien had expired, the mortgagee filed an action to foreclose its mortgage. The supplier answered and filed a cross claim to foreclose its lien. This Court held, "As against the mortgage lien, *the lien for material furnished*, if any existed, *is lost, because the action to foreclose the same was not commenced within the time limited by the statute*." *Id*. at 500-01, 185 P. at 555 (emphases added). This Court went on to explain, "*The limitation prescribed by statute of the time within which an action must be brought in a proper court for the foreclosure of a mechanic's lien is not the ordinary statute of limitation*, which is waived, if not pleaded." *Id*. at 501, 185 P. at 555 (emphasis added). Rather, "'The *time within which the suit must be brought operates as a limitation of the liability itself as created*, and not of the remedy alone. It is a condition attached to the right to sue at all.'" *Id*. (quoting from *The Harrisburg*, 119 U.S. 199, 214 (1886)) (emphasis added).

In the similar case of *Palmer v. Bradford*, 86 Idaho 395, 388 P.2d 96 (1964), mortgagees brought an action to foreclose their mortgage, and they named as a defendant the supplier who had filed a claim of lien against the property but had not commenced an action to foreclose its materialman's lien. During the succeeding two and one-half years after the claim of lien had been filed, the landowner had made six, semiannual payments of $1.00 each to the supplier. The supplier believed that those payments repeatedly extended the time within which to foreclose its lien pursuant to that portion of Idaho Code § 45-510 which provides that if payment on account is made and such payment is endorsed on the record of the lien, the time period within which to commence foreclosure proceedings is "six months after the date of such payment." This Court held that the statute only provided for one six-month extension and therefore the supplier's lien had ceased to exist because it had not commenced a foreclosure action with the required time. We stated:

> The statute creates and limits the duration of the lien. The statute also gives jurisdiction to the court to foreclose or enforce a lien on certain conditions,- the filing of a claim of lien, and *the commencement of the action within the time specified after such claim is filed*. If these things are not done no jurisdiction exists in the court to enforce the lien. When the limit fixed by statute for duration of the lien is past, no lien exists, any more than if it had never been created.

*Id.* at 401, 388 P.2d at 99 (emphasis added). We did not broadly construe section 45-506 to permit repeated extensions of the time within which to foreclose the lien.

We have strictly followed the statutory requirement that the lien claimant must timely commence proceedings by filing a pleading to foreclose the lien within the statutory time period. The statute is clear and unambiguous, and we should continue to follow it.

Justice W. JONES CONCURS.