# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42947

| | | |
|---|---|---|
| CAROL ENGLISH and ERIC ENGLISH, wife and husband, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | |
| JAMES TAYLOR, D.O.; EASTERN IDAHO HEALTH SERVICES, INC., dba EASTERN IDAHO REGIONAL MEDICAL CENTER, an Idaho corporation, | ) ) ) ) ) | Pocatello, May, 2016 Term

2016 Opinion No. 76 |
| Defendants-Respondents, | ) ) | Filed:  July 12, 2016 |
| and | ) ) | Stephen W. Kenyon, Clerk |
| COOK INCORPORATED, an Indiana Corporation; COOK MEDICAL INCORPORATED, an Indiana Corporation; COOK MEDICAL TECHNOLOGIES, LLC, an Indiana Corporation; and DOES 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

District court decision granting summary judgment, <u>affirmed.</u>

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for appellants. Deanne Casperson argued.

Hawley, Troxell, Ennis & Hawley, Idaho Falls, for respondents Eastern Idaho Regional Medical Center. Marvin K. Smith argued.

Thomsen, Holman, Wheiler, Idaho Falls, for respondent James Taylor, D.O. J. Michael Wheiler argued.

_____

BURDICK, Justice

1

Carol and Eric English (the Englishes) appeal the Bonneville County district court's dismissal of the Englishes' medical negligence claims against James Taylor, D.O., and Eastern Idaho Health Services, Inc., d/b/a Eastern Idaho Regional Medical Center (collectively, the Respondents). Carol English sustained stroke injuries after undergoing a medical procedure performed by Respondents. The Englishes subsequently filed a complaint alleging the Respondents were negligent in performing the procedure, which they alleged caused Carol's injuries. The district court dismissed the Englishes' claims on timeliness grounds and the Englishes filed this appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Carol English underwent surgery at Eastern Idaho Regional Medical Center (EIRMC) on September 17, 2011, and due to complications that allegedly occurred during the procedure, Carol suffered a stroke.

On September 13, 2013, the Englishes filed a complaint with the Bonneville County district court against the manufacturer of the medical device used in the procedure, alleging, among other claims, strict products liability. Specifically, the initial complaint named Cook Incorporated, Cook Medical Incorporated, Cook Medical Technologies, LLC (Cook Defendants), and Does 1-20. That initial complaint did not name EIRMC or Dr. Taylor as parties to the suit nor did it state a claim for medical malpractice.

On September 16, 2013, however, the Englishes submitted a prelitigation screening panel application to the Idaho State Board of Medicine, which requested a hearing against EIRMC and Dr. Taylor.

On September 17, 2013, the Englishes filed an amended complaint, which added claims against the Cook Defendants, but again did not name EIRMC or Dr. Taylor, nor did it state a claim for medical malpractice.

On October 31, 2013, the Cook Defendants filed a notice of removal that removed the case to federal court based on diversity of citizenship.

On November 18, 2013, the prelitigation screening panel issued its decision to the Idaho State Board of Medicine.

On December 10, 2013, the Englishes filed a motion for leave to file a second amended complaint as well as a copy of the proposed second amended complaint with the federal district court. That complaint sought to add the Respondents as new parties to the suit and alleged

2

medical malpractice claims against them. The Englishes did not serve copies of their motion for leave to file the second amended complaint nor the proposed second amended complaint on Respondents.

The federal district court granted the motion and the Englishes filed the Second Amended Complaint in federal court on January 16, 2014. The Englishes and the Cook Defendants subsequently entered a stipulation for remand back to the district court because the filing of the Second Amended Complaint destroyed diversity and deprived the federal district court of subject matter jurisdiction. On January 21, 2014, the federal district court entered an order remanding the case back to state court.

On January 27, 2014, the Englishes filed the second amended complaint with the Bonneville County district court. EIRMC was served with the second amended complaint on February 25, 2014, and Dr. Taylor was served with same on March 21, 2014.

On March 4, 2014, the Englishes filed an ex parte Rule 60 Motion to Clarify Docket Entry Order with the federal district court, seeking clarification that the order granting their motion to file the second amended complaint related back to the date on which the Englishes filed their motion for leave to file the Second Amended Complaint. The motion stated that the purpose would be to clarify "that the Complaint was filed on December 10, 2013, instead of some other date." The federal district court entered an order clarifying its earlier order on plaintiff's motion to amend. In that order, the federal district court stated:

> Before this Court is Plaintiffs' Unopposed Motion to Clarify Docket Entry Order 13 (Dkt. 19). Docket Entry Order 13 granted Plaintiffs' Unopposed Motion for leave to File Second Amended Complaint. Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court hereby GRANTS Plaintiffs' Motion to Clarify (Dkt. 19) and clarifies its Docket Entry Order 13. Specifically, Docket Entry Order 13 did not address the effective commencement of the claims asserted in the Second Amended Complaint filed with the Plaintiffs' Unopposed Motion to Amend. The Court hereby clarifies that Plaintiffs' Second Amended Complaint was effectively filed on December 10, 2013, the date it was filed with Plaintiffs' Unopposed Motion to Amend (Dkt. 10).

On March 14, 2014, EIRMC moved the district court for summary judgment on grounds that the statute of limitations had expired on the Englishes' claims against EIRMC. On April 4, 2014, Dr. Taylor moved the district court for summary judgment on the same grounds.

The district court granted both motions for summary judgment on June 23, 2014, ruling that the causes of action against the Respondents were time-barred because the Englishes did not commence the actions against Respondents until after the statute of limitations had expired.

On July 7, 2014, the Englishes filed a motion for reconsideration of the district court's order granting summary judgment and a memorandum in support of that motion. In their memorandum in support of their motion for reconsideration, the Englishes, for the first time, relied upon the federal district court's order clarifying that the second amended complaint was effectively filed on December 10, 2013, the date it was filed with the unopposed motion to amend. The Englishes urged the district court to follow the federal district court's reasoning and conclude that the second amended complaint was deemed filed on the date the motion to file the second amended complaint was made. The district court denied the Englishes' motion for reconsideration on October 29, 2014. The Englishes filed a Notice of Appeal on December 10, 2014, which they later amended twice.

## II.    ISSUES ON APPEAL

1. Whether the district court erred when it determined that the Englishes' second amended complaint naming Respondents was barred by the statute of limitations for medical malpractice suits.

2. Whether EIRMC is entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

In reviewing a ruling on a summary judgment motion, this Court employs the same standard as that used by the district court. *Foster v. Traul*, 141 Idaho 890, 892, 120 P.3d 278, 280 (2005). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Sprinkler Irrigation Co. v. John Deere Ins. Co.*, 139 Idaho 691, 695–96, 85 P.3d 667, 671–72 (2004).

## IV.    ANALYSIS

The main issue on appeal is whether the district court erred in granting summary judgment to the Respondents on the basis that the medical malpractice claims were barred by the statute of limitations. Respondent EIRMC also requests attorney fees on appeal. We address each issue in turn below.

4

**A. The district court correctly determined that the Englishes' second amended complaint naming Respondents was barred by the statute of limitations for medical malpractice suits.**

An action to recover damages for medical malpractice *must be commenced* within two years after the cause of action has accrued. I.C. §§ 5-201, 5-219 (emphasis added). Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently and knowingly concealed, the cause of action for professional malpractice accrues "as of the time of the occurrence, act or omission complained of," I.C. § 5-219(4), although there must also be "some damage" for the cause of action to accrue. *Lapham v. Stewart*, 137 Idaho 582, 586, 51 P.3d 396, 400 (2002). In a medical malpractice action, the statute of limitations is tolled upon the filing of a request for a prelitigation screening panel, during the time the claim is pending before the panel, and for thirty days thereafter. *James v. Buck*, 111 Idaho 708, 709, 727 P.2d 1136, 1137 (1986); I.C. § 6-1005.

In this case, the Englishes alleged the injury occurred on September 17, 2011. Thus, the cause of action accrued on September 17, 2011, and pursuant to Idaho Code section 5-219, the Englishes had two years from that date to commence their medical malpractice suit against Respondents. The Englishes filed an application and claim for a medical malpractice screening, which the Idaho State Board of Medicine received on September 16, 2013, one day before the two-year statute of limitations was to have run. The prelitigation screening panel's decision was filed with the Idaho State Board of Medicine on November 18, 2013. Thus, pursuant to Idaho Code section 6-1005, the applicable statute of limitations on the Englishes' claims against Respondents expired thirty-one days from November 18, 2013, which was December 19, 2013. The parties do not dispute that Idaho's medical malpractice statute of limitations applies in this case. Rather, the parties disagree as to when the medical malpractice suit against Respondents "commenced" for purposes of the statute of limitations. Thus, the issue in this case is whether the Englishes' claims against Respondents "commenced" prior to the December 19, 2013 deadline.

As a preliminary matter, the parties disagree as to whether state law or federal law controls in this case. The Englishes argue that federal procedural law controls and that where a motion to amend a complaint under rule 15 is granted, federal law deems that amended complaint filed as of the date the motion to amend was filed. The Respondents argue that state law controls in this case, and assert that under Idaho law, it is the filing of the amended complaint that determines when a cause of action commences.

5

1. State law applies in this case.

The Englishes argue that the federal rules of civil procedure apply, but the Respondents argue that state law controls in this case. We agree with Respondents.

In *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–53 (1980), the United States Supreme Court held that state law, rather than Federal Rule of Civil Procedure 3, determines when a diversity action commences for purposes of tolling the state statute of limitations. The Court reasoned:

> Rule 3 simply states that '[a] civil action is commenced by filing a complaint with the court.' There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.

*Id.* at 750–51 (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure § 1057, pp. 190–91, § 1051, pp. 165–66 (1969)). As to how much of the state law should be borrowed, the Supreme Court subsequently held that "[o]nly the length of the limitations period, and closely related questions of tolling and application are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). The Supreme Court has re-emphasized this construction of Rule 3, noting in *Gasperini v. Ctr. for Humanities*, 518 U.S. 415 (1996), that "state law rather than Rule 3 determines when a diversity action commences for the purposes of tolling the state statute of limitations." *Id.* at 428 n. 7 (citing *Walker*, 446 U.S. at 750–52). Consistent with this guidance from the United States Supreme Court, the Ninth Circuit has recognized that Federal Rule of Civil Procedure 3 does not commence a suit based on state law for purposes of the state statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (citing *Walker*, 446 U.S. at 750–53). Consistent with United States Supreme Court and Ninth Circuit jurisprudence, we hold that state law determines when the action was commenced in this case.

The Englishes argue that the federal district court's order of clarification should be dispositive in this case. However, the Englishes did not raise this argument below and in fact argued that the federal district court's order was inconsequential and did not have "anything to do with this." Thus, that argument is waived on appeal. *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) ("appellate courts will not consider new arguments raised for the first time on appeal."). Even if the Englishes had not waived the argument, it is well established that "the decisions of lower federal courts are not binding on state courts, even

on issues of federal law." *Dan Wiebold Ford, Inc. v. Universal Computer Consulting Holding, Inc.*, 142 Idaho 235, 240, 127 P.3d 138, 143 (2005). Therefore, the federal district court's order of clarification is not binding on this Court.

Furthermore, the plaintiffs filed their ex parte motion for clarification on March 4, 2013, over a month after the court had entered its order remanding the case to state court and the second amended complaint was filed in state court. It is well established that "once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. District Court*, 837 F.2d 413, 414 (9th Cir. 1988). *See also, Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n. 3 (9th Cir. 1984) ("It is clear that a remand order ends the federal court's jurisdiction.") (citing *United States v. Rice*, 327 U.S. 742, 747 (1946)). Therefore, once the federal district court entered its order remanding the case to state court, it lost jurisdiction over the case and could not take any further action on it. Consequently, even if the Englishes did not waive their argument that the federal district court's order of clarification should be dispositive in this case, the argument fails because the order is not binding on this Court. We now turn to the issue of whether, under Idaho law, a motion to amend a complaint to add a new party commences an action for purposes of the statute of limitations.

2. The filing of the actual second amended complaint commenced proceedings for purposes of Idaho's medical malpractice statute of limitations.

The Englishes argue that the filing of the motion to amend commenced proceedings for purposes of the medical malpractice statute of limitations. The Respondents argue that the action did not commence until the second amended complaint was actually filed with the court.

As discussed above, the medical malpractice statute of limitations requires actions be commenced within two years after the cause of action accrued. I.C. §§ 5-201, 5-219. Idaho Code section 5-228, which closely tracks the language of Idaho Rule of Civil Procedure 3(a),[1] provides that "[a]n action is commenced within the meaning of the chapter when the complaint is filed." I.C. § 5-228. The plain language of the statute does not address the issue of when an amended complaint commences proceedings. That is, whether the filing of the motion to amend commences proceedings or whether the filing of the amended complaint itself commences proceedings. However, Respondents argue that this Court should follow this Court's decision in

---

[1] Idaho Rule of Civil Procedure 3(a) provides that "[a] civil action is commenced by the filing of a complaint petition or application with the court."

7

*Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989), and hold that it is the filing of the amended complaint that commences proceedings. The Englishes, on the other hand, urge this Court to adopt the reasoning from *Terra-West, Inc. v. Idaho Mut. Trust, LLC*, 150 Idaho 393, 247 P.3d 620 (2010), and hold that the filing of a motion to amend commences proceedings.

        i.     <u>*Griggs v. Nash*</u>

In *Griggs*, this Court held that Idaho Rule of Civil Procedure 3(a) governs when an action against a third party to a lawsuit commences. There, two defendants moved for leave of the district court to file a third-party complaint against an attorney for legal malpractice. *Griggs*, 116 Idaho at 234, 775 P.2d at 126. A copy of the proposed third-party complaint was attached to the motion. *Id.* The motion for leave was made within the two-year statute of limitations but the district court did not rule on the motion until eight months later and the third-party complaint was filed fourteen days after the statute of limitations had expired. *Id.* Thus, the issue was whether the cause of action against the attorney was commenced before the statute of limitations expired. *Id.* at 229, 775 P.2d at 121. This Court held that pursuant to I.R.C.P. 3(a), the action commenced when the third-party complaint was filed. *Id.* at 234, 775 P.2d at 126. Because the third-party complaint was not filed until at least fourteen days after the statute of limitations had expired, the complaint was barred by the statute of limitations. *Id.*

        ii.     <u>*Terra-West, Inc. v. Idaho Mut. Trust, LLC*</u>

In *Terra-West, Inc.*, the plaintiff filed a mechanic's lien against property for work it had done to improve the land. 150 Idaho at 395, 247 P.3d at 622. The defendant had an interest in the property and filed a motion to dismiss the first mechanic's lien, which the court granted, but the defendant was not dismissed from the suit. *Id.* The plaintiff subsequently filed a motion to amend its complaint to foreclose on a second mechanic's lien against the same defendant. *Id.* at 394–95, 247 P.3d at 621–22. Idaho's mechanic's lien statute provided that liens are not binding for a longer period than six months after the claim has been filed "unless proceedings be commenced in a proper court within that time to enforce the lien." *Id.* at 395, 247 P.3d at 622. The second lien was recorded on August 12, 2008, and although the motion for leave to amend was filed before the six month deadline, the district court did not grant the request, and the amended complaint was not filed, until April 23, 2009, or eight months after the expiration of the six-month period. *Id.* Thus, the defendant argued that it was barred by the mechanic's lien statute. *Id.* The district court granted the motion to amend on the ground that the second lien claim arose out

of the same transaction or occurrence as the first claim of lien and, thus, the amendment related back to the date the original complaint was filed pursuant to I.R.C.P. 15(c). *Id.* at 396, 247 P.3d at 623.

This Court affirmed the district court, but on alternative grounds. Specifically, this Court held that the filing of the motion to amend the complaint commenced proceedings pursuant to Idaho's mechanic's lien statute. *Id.* In so holding, the Court relied on Corpus Juris Secondum, which provides:

> when a motion to amend a complaint and a proposed amended complaint are filed prior to the running of the statute of limitations, the motion to amend stands in place of the actual amended complaint while the motion is under review by the trial court, and the fact that an order granting the motion to amend is entered after expiration of the statute of limitations does not make the amended complaint untimely.

54 C.J.S. Limitations of Actions § 329. *See, also, Buller Trucking Co. v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F.Supp.2d 768, 776–77 (S.D.Ill. 2006) ("the settled rule in both federal and state court is that a complaint is deemed filed as of the time it is submitted to a court together with a request for leave to file the amended pleading.").

Based on this guidance from Corpus Juris Secondum, this Court dismissed arguments that I.R.C.P. 3(a) applied to determine that the action did not commence until the amended complaint was actually filed with the district court. The Court reasoned that the plain language of Rule 3(a) demonstrates that the Rule is geared towards the filing of an original complaint, not an amended complaint. *Terra-West, Inc.*, 150 Idaho at 397, 247 P.3d at 624.

This Court then cited several federal cases addressing the interplay between Federal Rule of Civil Procedure 3 and the effect of filing a motion for leave to amend a complaint and noted that those cases supported the conclusion that a motion for leave to amend the complaint commences proceedings. *Id.* at 398, 247 P.3d at 625. However, the Court noted that an important part of the analysis in most of the federal cases cited was that the defendant had notice of the substance of the proposed amendment prior to the expiration of the statute of limitations, "either because the plaintiff had attached the amended complaint to the motion for leave to amend, or because the text of the motion itself detailed the substance of the proposed amendment." *Id.* at 399, 247 P.3d at 626.

Based on the foregoing, this Court concluded that the filing of the motion to amend commenced proceedings for purposes of the mechanic's lien statute. *Id.* at 401, 247 P.3d at 628.

9

The Court emphasized that the defendant had notice of the claim because it was already a party to the suit when the amendment was made and because it had been served with a copy of the motion for leave to amend pursuant to Idaho Rule of Civil Procedure 5(a). *Id.* at 399, 247 P.3d at 626. Furthermore, the Court noted that the proposed amended complaint was attached to the motion for leave to amend, which the Court reasoned further demonstrated that the defendant had notice of the commencement of the foreclosure action within the six-month time limitation. *Id.*

In reaching its conclusion, the Court distinguished *Griggs* on the basis that *Griggs* concerned the timeliness of a third-party complaint, which the Court noted is "categorically different than a motion to amend to add a new claim against a party who is already part of the action." *Id.* at 399–200, 247 P.3d at 626–27. The Court reasoned that in the context of a third-party complaint, there may be good reason to prefer the more cumbersome method of requiring the filing of an independent action against the third party to commence the proceedings. *Id.* The Court explained:

> Under I.R.C.P. 14(a), a motion for leave to file a third-party complaint, even if the proposed complaint is attached to the motion, does not give any notice to the third party that it may be subject to an impending action. Because the third party would not be served with the motion for leave to file a third-party complaint, the third party may discover, after the expiration of the applicable statute of limitations, that a previously filed motion to which the third party had no notice, commenced the proceedings. Such a rule is contrary to the purposes of any statute of limitations, which functions to prevent stale claims and to protect a defendant's reasonable expectation that his earlier conduct can no longer give rise to liability. *See Hawley v. Green,* 117 Idaho 498, 501, 788 P.2d 1321, 1324 (1990). However, the same rationale does not apply in this case. As mentioned above, Idaho Mutual was served with the motion for leave to amend, as well as the proposed amended complaint. Idaho Mutual, unlike a party that has not yet been joined, had notice of the substance of the proposed amendment before the six-month period expired under Idaho Code section 45–510.

*Id.* at 400, 247 P.3d at 627. Consequently, the Court held that *Griggs* was distinguishable because *Terra-West, Inc.* did not present the same notice concerns. *Id.* Thus, the Court adopted the rule from other jurisdictions that the filing of a motion to amend a complaint, rather than the filing of the amended complaint itself, commences proceedings.

iii. *The actual filing of an amended complaint adding a new party commences proceedings for purposes of the statute of limitations.*

10

Based on the foregoing, it is clear that *Griggs* applies to the facts of this case. Although this case has some similarities with *Terra-West, Inc.*, there are major factual differences that make this case distinguishable from *Terra-West, Inc.,* and unsuitable for its relaxed filing requirement. Indeed, while *Terra-West, Inc.* involved an amendment to a complaint that added a new claim against a pre-existing party to the action, in this case, the amended complaint sought to add a new party and a new claim.

Furthermore, although the Englishes, like the plaintiffs in *Terra-West, Inc.*, filed their motion before the statute of limitations expired and attached a copy of the proposed amended complaint to the motion, unlike the plaintiffs in *Terra-West, Inc.*, the Englishes did not serve Respondents with a copy of the proposed amended complaint prior to the expiration of the statute of limitations. In fact, the record is devoid of any facts to indicate that Respondents were otherwise sufficiently put on notice of an impending action against them.[2] Thus, the important notice concerns that were absent from *Terra-West, Inc.* are very much apparent in the facts of this case. Thus, *Terra-West, Inc.* is distinguishable from the facts of this case.

An amended complaint that seeks to add a new party to an existing action is akin to filing a third party complaint: in both situations, a new party is being brought into an action for the first time. Thus, *Griggs* clearly applies to the facts of this case. Consistent with Idaho Code section 5-228, Idaho Rule of Civil Procedure 3(a), and *Griggs*, we hold that in the context of amended complaints that seek to add new parties to an existing cause of action, it is the filing of the amended complaint itself that commences proceedings against the new parties, *not* the filing of the motion to amend. Thus, the action against Respondents did not commence until the Englishes actually filed their second amended complaint with the court, which was after the statute of

---

[2] The Englishes contend that the Respondents had ample notice due to the prelitigation screening procedure. However, this Court has recognized:

> Prelitigation screening panel proceedings are not a civil lawsuit, nor are they an adjunct to a civil lawsuit. They are entirely separate proceedings. The prelitigation screening panel proceedings are informal and nonbinding, the rules of evidence do not apply, no record is kept, there is no cross-examination or rebuttal, the proceedings are closed even to the parties except when they are presenting their own testimony and argument . . .

*Rudd v. Merritt*, 138 Idaho 526, 531, 66 P.3d 230, 235 (2003). Furthermore, this Court has acknowledged that the prelitigation screening process is to promote the public interest by encouraging resolution of claims against physicians and hospitals through prelitigation screening of claims and without resorting to litigation. *Mitchell v. Bingham Mem'l Hosp.*, 130 Idaho 420, 425, 942 P.2d 544, 549 (1997). Just because claims go through the pre-litigation screening process does not necessarily mean that litigation will ensue. Consequently, the prelitigation screening process is not an adequate way of establishing a defendant had notice of an impending action.

11

limitations had run. Accordingly, the district court did not err in determining that the Englishes' second amended complaint naming Respondents for the first time was time-barred.

**B. Whether EIRMC is entitled to attorney fees on appeal.**

EIRMC requests attorney fees on appeal pursuant to Idaho Code section 12-121 and Idaho Appellate Rules 40 and 41. Attorney fees pursuant to Idaho Code section 12-121 are "appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Page v. Pasquali*, 150 Idaho 150, 153, 244 P.3d 1236, 1239 (2010).

EIRMC argues that this appeal was frivolous, unreasonable, and without foundation because the law clearly shows that the Englishes' complaint was time-barred. We agree. First, the decisions of the United States Supreme Court and the Ninth Circuit Court of Appeals make clear that the issue regarding when a cause of action commences is an issue of state law. Additionally, Idaho Code section 5-228 and Idaho Rule of Civil Procedure 3(a), together with this Court's decision in *Griggs*, makes clear that the complaint against EIRMC was not timely filed. Because the law was clear on these two issues, we hold that the Englishes' appeal was frivolous, unreasonable, and without foundation. Therefore, we award reasonable attorney fees on appeal to EIRMC.

## V. CONCLUSION

For the foregoing reasons, we affirm the district court's decision granting summary judgment in favor of Respondents. We award attorney fees on appeal to EIRMC. Costs to Respondents.

Chief Justice J. JONES and Justices W. JONES and HORTON, CONCUR.

Justice EISMANN, concurring except with respect to Part IV.A.2, in which I concur in the result.

Idaho Code section 5-201 states, "Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." Idaho Code section 5-228 defines when an action is commenced under "this chapter" (Chapter 2 of Title 5, Idaho Code). Section 5-228 states, "An action is commenced within the meaning of the chapter when the complaint is filed."

12

No complaint was filed against EIRMC and Dr. Taylor until the Englishes filed their second amended complaint on January 27, 2014. In *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989), we held that an action was not commenced on a third-party complaint until that complaint was actually filed.

> On January 29, 1987, EMSI and Van Gelder filed a motion pursuant to I.R.C.P. 14(a) for leave to file a third-party complaint against Trout. A copy of the third-party complaint was attached to the motion. On September 8, 1987, the trial court signed an order granting EMSI and Van Gelder leave to file their third-party complaint. The order was filed on September 10, 1987. *The third-party complaint was filed on September 23, 1987. Pursuant to I.R.C.P. 3(a), an action is commenced by the filing of a complaint. Therefore, the action contained in the third-party complaint was not commenced until September 23, 1987.* This was at least 14 days after the two-year statute of limitations had run. Therefore, we affirm the trial court's ruling that the third-party complaint was barred by I.C. § 5-219(4).

116 Idaho at 234, 775 P.2d at 126 (emphasis added).

There is no logical difference between a third-party complaint that commences an action against a nonparty and an amended complaint that commences an action against a nonparty. In both instances, the nonparty was not a party to the lawsuit until the pleading is filed bringing the nonparty into the lawsuit. Consistent with Idaho Code section 5-228, Rule 3(a) of the Idaho Rules of Civil Procedure, and our decision in *Griggs v. Nash*, the complaint against EIRMC and Dr. Taylor was not filed until the Englishes filed their second amended complaint, which was untimely. Therefore, their claim against these Defendants was barred by the statute of limitations set forth in Idaho Code section 5-219(4).